**UNITED STATES of America,**
**Appellee,**

v.

**Irving RICHMAN, Appellant.**

**No. 15445.**

United States Court of Appeals
Seventh Circuit.

Oct. 24, 1966.

Rehearing Denied Jan. 4, 1967.

George F. Callaghan, Chicago, Ill., for appellant.

Richard P. Stein, U. S. Atty., David W. Mernitz, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before KNOCH, KILEY and CUMMINGS, Circuit Judges.

KILEY, Circuit Judge.

Richman has appealed from his conviction by a jury upon each of twenty-one counts charging his use of the mails in a scheme to defraud. 18 U.S.C. § 1341 (1964). He was sentenced to two years on each count, the sentences to run concurrently, and also fined $2,000 on Counts 1 and 2. We affirm.

Richman questions the sufficiency of the indictments and the sufficiency of proof of a fraudulent scheme. He also claims error in the instructions, in rulings on evidence and in limitation of cross-examination of government witnesses.

Count 1 charged generally Richman's scheme to defraud through solicitation of advertisements in the *Labor Union Newspaper* by wilful false representations. It charged that to induce persons to believe the newspaper was an Indiana union paper located and published in Indiana, Richman engaged an answering service in Indianapolis to remail solicitations prepared by him in Chicago and mailed in bulk to the answering service for deposit in the mails in Indianapolis, that he engaged the answering service to accept letters mailed to that address and forward them unopened to him in Chicago,

that he listed the *Labor Union Newspaper* in the Indianapolis telephone directory with the address of the answering service, that he knowingly used deceptive and misleading solicitations designed to induce persons to believe that the ads solicited would be published in an Indiana union newspaper and were renewals of ads previously placed in the *Labor Union Newspaper*, and that the scheme began June 9, 1951, and continued until the return of the indictment on December 18, 1964. All of these charges in the first count are incorporated by reference in each of the remaining twenty counts involved in the conviction.

Count 1 specifically charges that "for the purpose of executing the aforesaid scheme" on April 20, 1964, Richman caused two parcels to be delivered by mail to the answering service. Counts 7 and 13 each charge that on other particular dates Richman used the mails in sending parcels of solicitations to the answering service. The remaining counts charge that "for the purpose of executing aforesaid scheme," Richman caused letters to various individuals "to be placed in * * * authorized depositor[ies] for mail matter at Indianapolis," which letters contained solicitations for advertisements in the *Labor Union Newspaper*.

Section 1341 provides that the offense is committed when "for the purpose of executing such scheme or artifice or attempting so to do" a person "[1] places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered *by the Post Office Department,* or [2] takes or receives therefrom, any such matter or thing, or [3] *knowingly* causes to be delivered by mail * * * any such matter or thing * * *." (Emphasis added.)

The language of the indictment indicates that Counts 1, 7 and 13 charge the third of these offenses and that the remaining counts charge the first. The first issue in this case is whether the phrase "for the purpose of executing aforesaid scheme" in Counts 1, 7 and 13

is sufficient to charge the defendant with "knowingly" causing the items to be delivered by mail.

An indictment must contain all the elements of the offense charged but it is not insufficient for imperfections of form which are not prejudicial. Fed.R.Crim.P. 2, 7(c); United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953). The test of sufficiency is whether it informs the defendant of what charges he must meet and protects him against double jeopardy. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861 (1932). The exact statutory words need not be used. Glenn v. United States, 303 F.2d 536, 538 (5th Cir. 1962), cert. denied, Belvin v. United States, 372 U.S. 922, 83 S.Ct. 737, 9 L.Ed.2d 726 (1963).

We hold that the element of knowledge was sufficiently charged in Counts 1, 7 and 13 by the words "for the purpose of executing" the scheme. The scheme to which this phrase refers was charged in Count 1 and incorporated by reference in Counts 7 and 13. The scheme charged "reasonably contemplated" the use of the mails as the means of transporting the parcels named in Counts 1, 7 and 13. Pereira v. United States, 347 U.S. 1, 8–9, 74 S.Ct. 358, 98 L.Ed. 435 (1954); Hart v. United States, 112 F.2d 128, 131 (5th Cir.), petition for cert. dismissed on motion of petitioner, 311 U.S. 722, 61 S.Ct. 6, 85 L.Ed. 471 (1940). Richman was charged with engaging the answering service to *remail* solicitation letters prepared for mailing at his direction and mailed in bulk to the answering service, all in pursuance of his fraudulent scheme. Furthermore, as the Fifth Circuit has held, "it is impossible for a person to cause an event *for a specific purpose* without knowledge of what he is doing." (Italics in original.) Glenn v. United States, 303 F.2d at 538–539.

Richman attacks the remaining counts of the indictment because they failed to contain the words "to be sent or delivered by the Post Office Depart-

ment." We see no merit in this contention because the scheme charged in Count 1 and incorporated by reference in these counts explicitly included the deposit of the stamped and addressed solicitation letters "in the United States Mails." Olsen v. United States, 287 F. 85, 90 (2d Cir. 1922).

We think the evidence favorable to the government, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), amply justified the jury's inference that Richman devised the scheme with the intention of fraudulently inducing persons to believe that the paper was an Indiana union paper published in Indianapolis. Language which would have impeded the execution of the scheme was eliminated from the masthead of the Indiana edition.[1] The solicitations themselves bore the tell-tale return address of the answering service in Indianapolis and instructed the recipient to return the "copy sheet" promptly, "c/o Copy Room." The details of the arrangement with the answering service disclosed by the evidence clearly justified the inference that the arrangement was for a fraudulent purpose in inducing belief that the paper was an "Indianapolis and Indiana Union newspaper" as charged in the indictment.

Richman relies on United States v. Kram, 247 F.2d 830 (3d Cir. 1957), to support his position on the issue of insufficient evidence. *Kram* is distinguished because the limited charge of intent there (that the solicitation was so drawn as to be intentionally misleading) precluded consideration of facts other than the misleading character of the solicitation itself. Here neither the charge nor the proof of fraudulent intent is confined to the material itself, and the proof of intent did not fall "far short" as in *Kram*.

Richman also claims error in the admission of evidence, in limitation of cross-examination and in the instruction of the jury. No objection was made to testimony of the effect on the intended

1. "Official publication of the Ohio Building and Construction Trades Council."

victims of the solicitations received. The point is therefore waived here, and there is no "plain error." Fed.R.Crim.P. 52(b). Over objection, the court admitted a postal inspector's testimony as to complaints received of earlier solicitations by defendant in Pennsylvania and testimony as to his investigation and letter to and response from Richman with respect to the solicitations. The court admitted the testimony on the issue of Richman's knowledge or intent and instructed the jury that the testimony was to be considered by the jury for "no other purpose." We see no prejudicial error in the overruling of objections to admissibility of this testimony for the limited purpose stated in the instruction. Nor was there any prejudicial limitation of cross-examination. Complaints about instructions are waived because no objection was made to them at the trial, and no showing is made in this court that plain error was committed in any instruction.

Affirmed.