**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William R. WABAUNSEE and Vivian Wabaunsee, Defendants-Appellants.**

**Nos. 75–1004, 75–1005.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 20, 1975.

Decided Dec. 30, 1975.

1

Richard T. Sikes, Chicago, Ill., for defendants-appellants.

Donald B. Mackay, U. S. Atty., John Germeraad, Asst. U. S. Atty., Springfield, Ill., Robert J. Kauffman, Asst. U. S. Atty., Peoria, Ill., for plaintiff-appellee.

Before CLARK,* Associate Justice, CASTLE, Senior Circuit Judge, and SWYGERT, Circuit Judge.

CASTLE, Senior Circuit Judge.

The question raised in this appeal is whether an indictment is sufficient as a matter of law where it fails to allege an essential element of the offense sought to be charged but instead merely cites the statute section of the offense.

William R. Wabaunsee and Vivian Wabaunsee were indicted for interstate transportation of stolen property having a value in excess of $5,000.00 in violation of 18 U.S.C. § 2314. The one-count indictment alleged:

> Between on or about October 21, 1973 and on or about October 28, 1973, defendants did transport in interstate commerce from Tulsa, Oklahoma to Peoria, Illinois, stolen goods, wares and merchandise, that is, stolen antique bowls, vases, bottles, pitchers, glassware, trays, pictures, dishes, boxes, cookie jars, steins, and other miscellaneous items of the approximate value of $6,000.00 or more; in violation of the first paragraph of Sections 2314 and 2 of Title 18, United States Code.

The Defendants pleaded not guilty and were tried by a jury which was unable to arrive at a verdict and therefore was discharged. Upon retrial the Defendants were found guilty by a jury. Each Defendant was sentenced to three years imprisonment. Both appeal their convictions. We reverse.

Defendants attack the sufficiency of the indictment for the first time here on appeal. The failure of the Defendants to question the indictment at any time during their two trials does not preclude our consideration of the question. *United States v. Calhoun,* 257 F.2d 673, 680 (7th Cir. 1958); *United States v. Vanderberg,* 358 F.2d 6, 10 (7th Cir. 1966); *Kaneshiro v. United States,* 445 F.2d 1266, 1269 (9th Cir. 1971), *cert. denied,* 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 543 (1971). However, since the question is raised on appeal for the first time, the indictment's sufficiency is tested by a stricter standard than if the question had been raised first in the proceedings below. Under these circumstances we have held that the indictment is immune from attack "unless it is so obviously defective as not to charge the offense by any reasonable construction." *United States v. Vanderberg, supra,* at 10; *see also Klein v. United States,* 204 F.2d 513 (7th Cir. 1953).

The Supreme Court in *Russell v. United States,* 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), reiterated that an indictment is sufficient if it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to meet, and (3) enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense.[1] *Id.* at 763–64, 82 S.Ct. [1038] at 1047. These criteria, the Court stated, reflect "the protections which an indictment is intended to guarantee." *Id.* at 763. *See also United*

---

* The Honorable Tom C. Clark, Associate Justice (Retired) of the Supreme Court of the United States, is sitting by designation.

1. The importance of the indictment under the Constitution cannot be overstated. As the Supreme Court has stated in the past:

> [T]he substantial safeguards to those charged with serious crimes cannot be eradicated under the guise of technical departures from the rules. The use of indictments in all cases warranting serious punishment was the rule at common law. . . . The Fifth Amendment made the rule mandatory in federal prosecutions in recognition of the fact that the intervention of a grand jury was a substantial safeguard against oppressive and arbitrary proceedings.

[*Smith v. United States,* 360 U.S. 1, 9, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041 (1959).]

*States v. Debrow*, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953). "It is settled law that in order for an indictment to be valid it must allege all of the elements which are necessary to constitute a violation of the statute." *Davis v. United States*, 253 F.2d 24, 25 (6th Cir. 1958); *see also United States v. Richman*, 369 F.2d 465, 467 (7th Cir. 1966).

▆ Defendants contend that the indictment in the instant case is fatally defective because it fails to allege an essential element of the offense contained in 18 U.S.C. § 2314. Section 2314 provides in pertinent part:

Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, *knowing the same to have been stolen, converted, or taken by fraud* . . . . [Emphasis added.]

Defendants point out that an essential element of the offense set out in section 2314 is "knowledge" that the items transported in interstate commerce have been stolen. The Government does not refute this point. The indictment, however, charging the Defendants with violating section 2314 does not allege their knowledge that the items allegedly transported were stolen, but rather merely alleges that they transported "stolen property." This omission, Defendants contend, makes the indictment fatally defective and requires reversal of their convictions.

The Government attempts to argue that our decision in *United States v. Airdo*, 380 F.2d 103 (7th Cir. 1967), *cert. denied*, 389 U.S. 913, 88 S.Ct. 238, 19 L.Ed.2d 260 (1967), supports its position that "knowledge" need not have been alleged. The Government misreads our decision. In *Airdo* we held that while "knowledge" need not be "spelled out" in an indictment, other "words of similar import" must be present to "[supply] the required element of knowledge" when the indictment is read in its total context. *Id.* at 105. A reading of the in-

dictment in the instant case discloses no "words of similar import" which read in the context in which they appear supply the requisite element of knowledge for the offense outlined in section 2314. Compare *United States v. Richman*, 369 F.2d 465 (7th Cir. 1966); *see also United States v. White*, 475 F.2d 1228, 1235 (5th Cir. 1973). For this reason we believe the test set forth in our *Vanderberg* decision is not met; this indictment cannot be reasonably construed so that the element of knowledge is alleged. No such reasonable construction exists in our opinion. The language "did transport . . . stolen goods" clearly cannot imply that Defendants *knew* the goods were stolen, but merely means that the goods transported were, *in fact*, stolen. Cf. *United States v. Berlin*, 472 F.2d 1002, 1007 (2d Cir. 1973), *cert. denied*, 412 U.S. 949, 93 S.Ct. 3007, 37 L.Ed.2d 1001 (1973).

▆ The Government contends that the defect in failing to allege the element of knowledge is rectified by its citation to section 2314 in the indictment. For this proposition, the Government relies upon *Kaneshiro v. United States, supra; United State v. Mixon*, 374 F.2d 20 (6th Cir. 1967); and *United States v. Roberts*, 296 F.2d 198 (4th Cir. 1961), *cert. denied*, 369 U.S. 867, 82 S.Ct. 1033, 8 L.Ed.2d 85 (1962). *See also Stein v. United States*, 313 F.2d 518 (9th Cir. 1962); *Davis v. United States*, 253 F.2d 24 (6th Cir. 1958).

These decisions conflict with our prior decision in *United States v. Calhoun, supra*. In *Calhoun*, this court held that the omission of an essential element of the offense charged was more than an obvious technicality and was fatal to the indictment, requiring reversal of the conviction based on the indictment. The indictment involved in *Calhoun* made reference to the statute containing the offense but this court refused to consider such a reference as curing the defect. Accord, *United States v. Roach*, 321 F.2d 1 (3d Cir. 1963); *Robinson v. United States*, 263 F.2d 911 (10th Cir. 1959);

*Nelson v. United States*, 406 F.2d 1136 (10th Cir. 1969).

More recently, the Second Circuit has arrived at the same conclusion as our *Calhoun* decision in holding that the mere citation to the statute cannot rectify the failure to allege an essential element of the offense. *United States v. Berlin*, 472 F.2d 1002 (2d Cir. 1973), *cert. denied*, 412 U.S. 949, 93 S.Ct. 3007, 37 L.Ed.2d 1001 (1973). In *Berlin*, the indictment failed to allege that the defendant knew of the falsity of documents he submitted in violation of 18 U.S.C. § 1010. The Government pointed to the indictment's citation to the statute but the court was not persuaded:

> This deficiency was not cured by the fact that each count cited the statute that appellant is alleged to have violated. Although the statutes in question explicitly require knowledge of the falsity, if this were enough to cure a deficient statement, then almost no indictment would be vulnerable to attack; for it is common practice in indictments to cite the statute that is alleged to have been violated. [*Id.* at 1008.]

We agree with this reasoning of the *Berlin* court and therefore reaffirm our holding in *United States v. Calhoun*. Where nothing in the context of the indictment can be construed to supply the missing element, we believe the mere citation of the statute cannot supply it. Carried to its logical conclusion, the Government's argument would suggest that *no* essential element of an offense need be alleged in an indictment as long as the statute is cited. If the mere citation to the statute were enough, the Supreme Court's statement in *Russell v. United States, supra*, that an indictment must contain all the elements of the offense charged, would be vitiated. Until

the Supreme Court addresses the question of whether mere citation to the statute is adequate, we prefer to adhere to the rule of this circuit set forth in *Calhoun*.

 The Government also argues that Defendants were not prejudiced by the indictment's failure to allege an essential element of the offense charged and therefore cannot now complain. The Government points to the arguments of its counsel at trial and the court's instructions to the jury; all of which informed the jury that the Defendants' knowledge that the items were stolen was an essential element of the charge. The Government further argues that since there were two trials, Defendants were certainly apprised of the charges against them at the second trial.

These arguments would be well taken if the indictment involved was ambiguously drafted and contained language which could be construed to supply the missing element. *See United States v. Airdo, supra.* However, where the indictment fails *both* to allege an essential element of the offense *and* to contain language that can reasonably be construed to supply the missing element, we believe that subsequent attempts at trial to correct the defect should not succeed. Where the indictment contains language which can be construed in such a manner, however, then subsequent efforts at trial to correct the defect are useful to bolster an appellate court's construction of the indictment.[2]

"An indictment or information does not charge a crime, and a conviction based thereon cannot stand, if there is not set forth in such indictment or information the elements of the offense sought to be charged." *Carlson v. United States*, 296 F.2d 909, 910 (9th Cir. 1961); *see also United States v. Manus-*

2. It appears from decisions such as *Smith v. United States*, 360 U.S. 1, 9, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959), and *United States v. Beard*, 414 F.2d 1014, 1015 (3d Cir. 1969), that only where a "technical deficiency" in the indictment is involved must the defendants show prejudice to challenge such indictment. No "technical deficiency" is involved in the instant case, therefore we are not concerned with whether Defendants were prejudiced by the faulty indictment.

*zak*, 234 F.2d 421, 423 (3d Cir. 1956). We hold that the indictment was fatally defective and accordingly reverse the judgment of the district court and remand with instructions to dismiss the indictment.[3]

Reversed and remanded.

---

3. Certain alleged trial errors were also argued by Defendants as grounds for reversal. In view of our dismissal of the indictment, those assertions require no further comment.