**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Michael U. DEMPSEY,**
**Defendant-Appellant.**

**No. 85–3163.**

United States Court of Appeals,
Seventh Circuit.

Argued May 7, 1986.

Decided Nov. 25, 1986.

Lawrence J. Fleming, St. Louis, Mo., for defendant-appellant.

Thomas Coleman, Asst. U.S. Atty., Frederick J. Hess, U.S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before COFFEY and EASTERBROOK, Circuit Judges, CAMPBELL, Senior District Judge.*

WILLIAM J. CAMPBELL, Senior District Judge.

In October, 1984 defendant-appellant Michael U. Dempsey was indicted in the Eastern District of Michigan (hereinafter the "Michigan indictment") for conspiring to possess marijuana with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The conspiracy was alleged to have taken place from January, 1974 through December, 1982 in the Eastern District of Michigan "and elsewhere." In February, 1985 Dempsey negotiated a guilty plea to this charge. Approximately seven months later, in September, 1985, Dempsey was again indicted for conspiring to possess and distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. This second indictment, the subject of the instant action, (and hereinafter referred to as the "second or Southern Illinois indictment") alleged acts covering a time period from April, 1977 to December, 1983 in the Southern District of Illinois "and elsewhere." Dempsey now brings this interlocutory appeal under the authority of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) and *Abney v. United States*, 431 U.S. 651, 660, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977) claiming the district court erred when it refused to dismiss the second indictment under the Double Jeopardy Clause of the Fifth Amendment. He also claims the indictment was fatally vague and failed to specifically inform him of the illegal conduct which he is alleged to have committed, as required by the Sixth Amendment and Rule 7 of the Federal Rules of Criminal Procedure. For the reasons set forth below, we affirm.

We start with the well-established rule that, "In claiming double jeopardy based on more than one conspiracy prosecution, a defendant bears the burden of establishing that the prosecutions are for the same offense in law and in fact." *U.S. v. Castro*, 629 F.2d 456, 461 (7th Cir.1980). Defendant Dempsey claims his burden is merely to make a "nonfrivolous showing" that the two indictments cover the same conspiracy. Thereafter, the burden shifts to the government to show the two prosecutions are for separate offenses. (See, for example, *U.S. v. Thomas*, 759 F.2d 659 (8th Cir.1985), *U.S. v. Stricklin*, 591 F.2d 1112 (5th Cir.1979)). Still, the issue that remains is what constitutes a nonfrivolous showing and has Dempsey sufficiently made such a showing? The *Thomas* and *Stricklin* line of cases require a defendant to make a *prima facie* showing that the prosecutions cover the same conspiracy:

The defendant might make the necessary prima facie nonfrivolous showing of double jeopardy by reference to the indictments, as supplemented by a bill of particulars if appropriate and ordered, and other record material, alone. He might find it necessary to offer his own testimony at the pretrial hearing. If the latter course is followed, the defendant will not thereby waive the privilege against self-incrimination and his testimony may not subsequently be used against him at the trial on the merits. *Stricklin*, 591 F.2d at 1118.

As we recognized in *Castro*, defendant's burden, "... is not an easy one because '[b]y the nature of the crime, the precise bounds of a single conspiracy seldom will be clear from the indictment alone.'" *Id.*

---

* The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, is sitting by designation.

at 461 (citing *U.S. v. Marable*, 578 F.2d 151, 153 (5th Cir.1978)). "... [c]ourts therefore will look to both the indictments and the evidence and consider such factors as whether the conspiracies involve the same time period, alleged co-conspirators and places, overt acts, and whether the two conspiracies depend on each other for success." *Id.* at 461. We recently stated:

"A defendant claiming that he has been subjected to double jeopardy bears the burden of establishing that both prosecutions are for the same offense.... The defendant must show that 'the evidence required to support a conviction on one indictment would have been sufficient to warrant a conviction on the other' indictment."

*U.S. v. Roman*, 728 F.2d 846, 857 (7th Cir.1984) (citing *U.S. v. West*, 670 F.2d 675 (7th Cir.1982)).

Dempsey claims he sustained his burden of proof on the double jeopardy issue by introducing evidence the marijuana he purchased from the Shure brothers in Michigan, the subject of the initial Michigan indictment, was ultimately transported to Southern Illinois, the location covered by the second, instant indictment. Dempsey notes Jack Barenfanger and Robert Picard, co-conspirators in the Michigan indictment, verified this concrete Michigan-Southern Illinois connection. He also points to a colloquy between himself and the Court of the Eastern District of Michigan in which he admitted the Michigan-Southern Illinois connection and his continuous dealings covering these locations during this time period.

It may very well be that defendant Dempsey was continuously involved in a conspiracy to purchase drugs in Michigan and distribute them in Illinois from the mid–1970's to the early 1980's. However, it is quite conceivable that this was not the only conspiracy he was involved in during this time period. Dempsey could have been purchasing drugs from the Shure brothers in Michigan in 1978, for example, and still have been purchasing additional drugs from independent sources or dealers in

Southern Illinois during the same time period. Significantly, no person named in the Michigan indictment was named in the Southern Illinois indictment. Barenfanger failed to recognize any of the people named in the second indictment. There was no evidence anyone in the Michigan indictment knew of or dealt with anyone in the Southern Illinois indictment. Defendant failed to testify on his behalf, despite being granted immunity from use of any pre-trial testimony at a subsequent trial on the merits. Of course, the defendant was not required to testify, however his failure to do so has hardly helped his argument in the instant case. Had he advanced particulars as to dates of deliveries and linked activities of the persons named in the two indictments, for example, his double jeopardy argument would be more persuasive.

■ As the record stands before us, we agree with the district court that it cannot be said defendant was not involved in multiple conspiracies during the time periods covered by both indictments. This does not mean a subsequent trial on the merits could not prove otherwise. However, for purposes of this interlocutory appeal defendant has failed to convince this court the two indictments cover a single conspiracy. Pertinent to this discussion is a comment from this court in *U.S. v. Cerro*, 775 F.2d 908 (7th Cir.1985):

[t]he viability of wholesale drug trafficking does not depend on the adherence of any single dealer. Lop off one dealer, and the wholesaler can hire another in his place or shift the dealer's allotment of drugs to one or more of his remaining dealers or simply reduce the scale of the drug operation. The dealers are not dependent on each other as a bank robber is dependent on the driver of the getaway car and vice versa. Just as Exxon would not go out of business if it lost one of its retail dealers, so a substantial drug operation would not go out of business because one of its retail dealers left the business. *Id.* at 914.

In sum, it is quite conceivable defendant could have been involved with the Shure

brothers and other dealers simultaneously. We are unwilling to conclude at this point, as was the district court, that defendant Dempsey was merely involved in a single conspiracy.

■ Dempsey argues he was unable to establish that the two indictments concerned the same conspiracy because it was impossible to decipher from the face of the Southern Illinois indictment what acts he was alleged to have committed. We must reject this argument. In *U.S. v. Sweeney*, 688 F.2d 1131 (7th Cir.1982) we stated:

"[c]ase law reveals that 'an indictment under 21 U.S.C. § 846 is sufficient if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific overt act in furtherance of the conspiracy.'"

*Id.* at 1140 (quoting *U.S. v. Bermudez*, 526 F.2d 89 (2nd Cir.1975)).

Clearly, the indictment in the instant case meets the *Sweeney* criteria. It alleges a conspiracy to distribute more than 1,000 pounds of marijuana from April, 1977 to November, 1983 in violation of 21 U.S.C. §§ 841(a)(1) and 846. The co-conspirators are listed. This is all that is required. The government must still prove its case at a subsequent trial on the merits. For purposes of this interlocutory appeal, defendant Dempsey has failed to establish to our satisfaction that he was involved in only one conspiracy during the time period in question.