NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 13, 2017
Decided May 7, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1798

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 CR 305-1 |
| MIGUEL BARRIOS-RAMOS, *Defendant-Appellant.* | Rebecca R. Pallmeyer, *Judge.* |

**O R D E R**

A grand jury returned a six-count indictment against Miguel Barrios-Ramos for drug and gun crimes, including conspiring to possess knowingly cocaine and heroin with intent to distribute, in violation of 21 U.S.C. § 846. He was convicted on all counts and sentenced to 204 months' imprisonment. On appeal, he asks this court to issue an order vacating his conspiracy conviction and dismissing that charge with prejudice, because he believes that the indictment was deficient for omitting an accusation that he *knowingly* conspired with another person. We conclude, however, that the word

"conspire," which does appear in the indictment, implies knowing agreement, and thus that the indictment was unobjectionable. We therefore affirm.

**I**

In 1997, Barrios-Ramos, a Mexican citizen, entered the United States without authorization. From 2005 until 2010 he regularly imported large quantities of cocaine and occasionally brought in heroin. He stored the drugs in multiple residences, employed workers who made pickups and deliveries for him, and distributed to customers in Illinois, Ohio, and New York. He and his accomplices used firearms to protect the drugs and the proceeds, which eventually totaled above $10 million.

Barrios-Ramos was indicted for: (1) conspiring to possess with intent to distribute cocaine and heroin, 21 U.S.C. § 846 (Count 1); (2) possessing with intent to distribute cocaine and heroin, 21 U.S.C. § 841(a)(1) (Counts 2 and 3); possessing a firearm in furtherance of these crimes, 18 U.S.C. § 924(c)(1)(A) (Count 4); and twice possessing firearms as a noncitizen unlawfully present in this country, 18 U.S.C. § 922(g)(5)(A) (Counts 5 and 6). Count One alleged that Barrios-Ramos, while in Chicago from 2005 until 2010, "did conspire with others … to knowingly and intentionally possess with intent to distribute … a controlled substance, namely, five kilograms or more of mixtures and substances containing a detectable amount of cocaine, … and 100 grams or more of mixtures and substances containing a detectable amount of heroin," in violation of section 841(a)(1). After trial a jury convicted him on all charges.

**II**

On appeal Barrios-Ramos asks this court to vacate his conspiracy conviction and dismiss that charge with prejudice because, he asserts, the indictment did not adequately charge a conspiracy under 21 U.S.C. § 846. He has not complained about either the jury instructions or the evidentiary basis for this conviction.

An indictment charges an offense if it accomplishes three functions: it must set out each of the elements of the crime to be charged; it must provide adequate notice of the nature of the charge so that the accused may prepare a defense; and it must allow the defendant to raise the judgment as a bar to future prosecutions for the same offense. See *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013). Rule 12 of the Federal Rules of Criminal Procedure requires a challenge to an indictment to be brought by pretrial motion. See FED. R. CRIM. P. 12(b)(3)(B). If a timely motion is not made, the district court may consider the point "if the party shows good cause," Rule 12(c)(3), but if the person says nothing at all in the

district court, the issue is forfeited and our review is for plain error only. See *United States v. Cotton*, 535 U.S. 625, 631 (2002).

These general rules pose a problem for Barrios-Ramos, as he concedes that this appeal is his first challenge to the sufficiency of the indictment. And an indictment that has not been challenged in a timely way "is immune from attack unless it is so obviously defective as not to charge the offense by any reasonable construction." *United States v. Sandoval*, 347 F.3d 627, 633 (7th Cir. 2003). "[T]ardily challenged indictments should be construed liberally in favor of validity." *United States v. Harvey*, 484 F.3d 453, 456 (7th Cir. 2007) (internal quotation marks and citation omitted). Finally, to obtain relief, Barrios-Ramos also must establish that the alleged deficiency prejudiced him, see *Russell v. United States*, 369 U.S. 749, 763 (1962); *United States v. Dooley*, 578 F.3d 582, 589–90 (7th Cir. 2009).

We have cautioned against reviewing an indictment in a "hypertechnical manner," and have said that "the presence or absence of any particular fact need not be dispositive" for the question whether an indictment provides sufficient information to enable the preparation of a defense. *United States v. Fassnacht*, 332 F.3d 440, 445 (7th Cir. 2003) (internal quotation marks and citation omitted). Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires an indictment only to "be a plain, concise, and definite written statement of the essential facts constituting the offense charged."

Barrios-Ramos contends that Count One omits an essential element of a conspiracy offense because it did not allege that he "knowingly" conspired. He complains that the absence of a term such as "knowingly" (or an equivalent) to modify the words "did conspire" resulted in an indictment that was defective and failed to put him on notice of the offense for which he was being charged. To support his theory, he points to the decision in *United States v. Wabaunsee*, 528 F.2d 1 (7th Cir. 1975), in which the indictment purported to charge the offense of transporting stolen property across state lines. That indictment alleged that the defendants transported stolen goods, but it did not expressly allege that the defendants knew the items were stolen. *Id.* at 3. We concluded that the indictment failed to allege an essential element of the offense because "[t]he language 'did transport … stolen goods' clearly cannot imply that Defendants *knew* the goods were stolen, but merely means that the goods transported were, *in fact*, stolen." *Id.* (emphasis in original). Barrios-Ramos sees the same flaw here: knowledge, he contends, is not implicit in the allegation of conspiracy, any more than it was from the words "did transport" in *Wabaunsee*, and so the required mental state is missing from Count One.

The government responds that the charge, read as a whole, gave Barrios-Ramos ample notice of a section 846 offense. The allegation that Barrios-Ramos conspired "necessarily implied conduct that is knowing and intentional," it contends. The more apt precedent, it suggests, is *United States v. Smith*, 223 F.3d 554 (7th Cir. 2000), in which the indictment alleged that the defendants had "induced and enticed" a minor to violate federal law. *Smith* said that "[t]he ideas of purpose, knowledge, and intent are inherent" in the words "induce" or "entice"; a person cannot induce or entice another "without the necessary *scienter*." *Id.* at 572. Accordingly, the indictment was not "so obviously defective as not to charge the offense by any reasonable construction." *Id.*

We think that the government has the better of this exchange. The crime of conspiracy of which Barrios-Ramos was accused requires a dual mental state: (1) intent to act together to carry out a common objective, *e.g.*, a drug crime, and (2) intent to commit the crime contemplated. Charles E. Torcia, Wharton's Criminal Law § 680 (15th ed. 2017); see also *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 476 n.20 (1978) (explaining two types of intent required for antitrust conspiracy). The verb "conspire," like the verbs "induce" or "entice" in *Smith*, and unlike "transport" in *Wabaunsee*, entails an intent to act. Unlike transporting stolen goods, a person cannot conspire—*i.e.*, agree—without intending to do so. It is difficult to imagine how someone could involuntarily or accidentally come to an agreement.

The view that criminal intent is implicit in the word "conspire" is consistent with the holdings in analogous cases. For example, in *United States v. Resendiz-Ponce*, 549 U.S. 102 (2007), the Supreme Court said that an indictment alleging attempted illegal reentry under 8 U.S.C. § 1326(a) "need not specifically allege a particular overt act or any other 'component part' of the offense" because "the word 'attempt' … encompasses both the overt act and intent elements." *Resendiz-Ponce*, 549 U.S. at 107 (quotation marks omitted). The indictment sufficed because it alleged that the defendant "attempted to enter the United States of America at or near" a specific location on a specific date and cited the relevant criminal statute; the verb "attempted" itself implicitly alleged the necessary overt act. *Id.* at 107–08 (quotations omitted). Although *Resendiz-Ponce* pertains to the absence of an overt-act allegation, not a mental-state allegation, it generally suggests that an indictment need not specifically allege an element if it is stated implicitly. *Id.* at 107; see also *Smith*, 223 F.3d at 571 ("It is not necessary to spell out each element, but each element must be present in context.").

In this case, the intent element of the conspiracy offense was implicitly stated in the indictment's allegation that Barrios-Ramos "did conspire" knowingly to possess drugs for sale. Section 846 punishes those who "attempt[] or conspire[]" to commit

controlled-substance crimes. The term "conspire," like the verb "attempt" in *Resendiz-Ponce*, encompasses both the overt act element and the intent element of the inchoate crime. See *Frohwerk v. United States*, 249 U.S. 204, 209 (1919) (rejecting argument that conspiracy count was defective for failing to include allegation of intent and reasoning that "intent to accomplish an object cannot be alleged more clearly than by stating that parties conspired to accomplish it"); *United States v. Wallace*, 578 F.2d 735, 741 n.6 (8th Cir. 1978) ("[T]he charge of conspiracy to violate a criminal law has implicit in it the elements of knowledge and intent.").

Our standard for charging a drug conspiracy supports the view that the word "conspire" encompasses knowledge. An indictment charges a section 846 conspiracy if it alleges that the defendant conspired to commit a specific controlled-substance offense for a defined period and cites the statute the defendant conspired to violate. See *United States v. Singleton*, 588 F.3d 497, 499–500 (7th Cir. 2009); *United States v. Cox*, 536 F.3d 723, 727–28 (7th Cir. 2008); *United States v. Dempsey*, 806 F.2d 766, 769 (7th Cir. 1986); *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir. 1982). We observed in *Sweeney* that the "essential elements" of a section 846 conspiracy "are the existence of an agreement between two or more individuals, with the intent to commit an offense in violation of the Controlled Substance Act." 688 F.2d at 1140. The indictment in that case sufficed "because it specifically allege[d] the type and nature of the statute involved, the conspiracy and the time period of the conspiracy." *Id.* Notably, a "knowing" agreement was not mentioned as an "essential element."

In a closely analogous case, we rejected an argument that an indictment under section 846 must contain a legal definition of the term "conspire" in order to be sufficient. See *Cox*, 536 F.3d at 727–28. We reiterated that indictments under section 846 are adequate if they allege "a conspiracy to distribute drugs, the time during which the conspiracy was operative, and the statute allegedly violated." *Id.* The indictment, construed liberally in favor of validity, "easily satisfied" that standard by alleging that Cox "did conspire to commit an offense under § 841(a)" for a specified period and in a particular county. *Id*.

We conclude that Count One of the indictment, construed in favor of validity, fulfilled its three functions and notified Barrios-Ramos of the section 846 charge against him by (1) alleging that he conspired to possess drugs for sale, (2) setting forth the period (2005 to 2010), and (3) identifying the statutory section he allegedly conspired to violate (§ 841(a)(1)). The indictment is not subject to dismissal on Barrios-Ramos's untimely assertion that it failed to allege the mental state with which he conspired.

We AFFIRM the judgment of the district court.