**UNITED STATES of America**

v.

**Ralph L. MALING, Keith V. Maling, Chris E. Maling, Al Maling, Richard Booker, Mark Gill (aka "Fish"), Timothy Hanscom, Michael (aka "Big Mike") Hurley, John Monroe, Ralph G. Richard, Paul Rizzo, William (aka "Billy") Shaw, Robert S. (aka "Bobby") Stowe, Richard Sullivan, and Emelio Doe (aka "Emelio").**

**No. CR. 88–116–C.**

United States District Court,
D. Massachusetts.

April 23, 1990.

Paul V. Kelly and Brien T. O'Connor, U.S. Attys., for U.S.

Jack I. Zalkind, Boston, Mass., and Gerald Lefcourt, New York City, for Ralph L. Maling.

Earle C. Cooley, Cooley, Manion, Moore & Jones, P.C., Boston, Mass., for Chris E. Maling.

Martin G. Weinberg, Oteri, Weinberg & Lawson, Boston, Mass., for Keith V. Maling.

William A. Brown, Brown & Prince, Boston, Mass., for Ralph G. Richard.

Joan Lieberman, Boston, Mass., for Al Maling.

Robert Sheketoff, Boston, Mass., for Mark Gill.

Carol S. Ball, Murphy & O'Connell, Boston, Mass., for Timothy Hanscom.

Anthony Traini, Leppo & Traini, Randolph, Mass., for Michael Hurley.

Mary Ellen Kelleher, Boston, Mass., for John Monroe.

Richard N. Ivker, Boston, Mass., for Paul Rizzo.

William D. Crowe, Boston, Mass., for William Shaw.

Harry C. Mezer, Boston, Mass., for Richard Sullivan.

No appearance for Robert S. Stowe, Richard Booker and Emelio Doe.

## MEMORANDUM

CAFFREY, Senior District Judge.

This case is now before the Court on twelve pretrial motions brought by the defendants. On September 21, 1989, the grand jury handed down a twenty-count third superseding indictment in this case. The indictment charges the defendants, as described in the various counts,[1] with criminal conspiracy in violation of 21 U.S.C. § 846, engaging in a criminal enterprise in violation of 21 U.S.C. § 848, distribution of marijuana in violation of 21 U.S.C. § 841(a)(1), conspiracy to import marijuana in violation of 21 U.S.C. § 963, possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), conspiracy to defraud the government in violation of 18 U.S.C. § 371, aiding and abetting in violation of 18 U.S.C. § 2, false and fraudulent statements in violation of 26 U.S.C. § 7206(1), and criminal forfeitures in violation of 21 U.S.C. § 853(a). The defendants have now filed all their dispositive, non-evidentiary pretrial motions, and, on February

---

1. Except for the criminal conspiracy charged in count one, the defendants are not all charged with each offense of the indictment. In the other nineteen counts, the defendants are charged separately and in combination.

12, 1990, this Court heard oral argument concerning these motions. Based on a careful review of the pleadings and arguments in this case, this Court rules as follows.

## A. *Motion to Dismiss Count One*

Count one charges all fifteen defendants with criminal conspiracy in violation of 21 U.S.C. § 846. Count one describes the conspiracy as lasting for 14 years "[b]eginning at an unknown date, believed to be sometime in 1973, and continuing to and including August 1987." Count one alleges that the conspiracy took place in seven states: Massachusetts, New Hampshire, Maine, North Carolina, Florida, Colorado, and Arizona. Count one further charges that the fifteen defendants conspired to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. § 841 and § 841(b)(1)(A)(vii).

A number of the defendants [2] have joined in moving to dismiss count one citing three principal reasons: lack of adequate notice of the offense charged, problems of "constructive amendment" in the indictment, and a violation of the statute of limitations. This Court shall discuss each argument in turn.

### 1. Adequate Notice

Specifically, the defendants claim that count one fails to state any overt acts of the conspiracy, fails to provide notice of specific criminal transactions in the conspiracy, fails to specify the location and time of the conspiracy, and fails to identify all the co-conspirators. Further, the defendants claim that count one violates Rule 7(c)(1) of the Federal Rules of Criminal Procedure which requires particularity in the indictment. Upon review, these complaints are not persuasive.

The sixth amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. An indictment "is suffi-

cient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against him which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions of the same offense." *United States v. Allard,* 864 F.2d 248, 250 (1st Cir.1989) (quoting *United States v. Serino,* 835 F.2d 924, 929 (1st Cir.1987)). *See also United States v. Murphy,* 762 F.2d 1151, 1154 (1st Cir.1985). An indictment charging an offense of 21 U.S.C. § 846 is sufficient where it identifies the conspiracy in the words of the statute, names the statute violated, and specifies the duration of the conspiracy. *See United States v. Dempsey,* 806 F.2d 766, 769 (7th Cir.1986), *cert. denied,* 481 U.S. 1014, 107 S.Ct. 1889, 95 L.Ed.2d 497 (1987); *United States v. Khan,* 728 F.2d 676, 681 (5th Cir.1984). *See also United States v. Dunn,* 841 F.2d 1026, 1029 (10th Cir.1988). Furthermore, Rule 7(c)(1) requires that an indictment "shall be in plain, concise and definite statement of the essential facts constituting the offense charged." Fed.R. Crim.P. 7(c)(1). Finally, the indictment charging a violation of 21 U.S.C. § 846 need not allege an overt act in furtherance of the conspiracy. *See Dempsey,* 806 F.2d at 769; *Khan,* 728 F.2d at 681.

■ In light of these standards, count one satisfies the constitutional and statutory requirements of adequate notice for criminal defendants. Count one charges the offense using the language of 18 U.S.C. § 846 and names the statute. The indictment also identifies the underlying violations of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(vii). Count one identifies fifteen co-conspirators by name which gives the defendants sufficient notice of the members of the alleged conspiracy. Also, count one outlines the duration of the alleged fourteen-year conspiracy with sufficient specificity. *See United States v. Nunez,* 668 F.2d 10, 12 (1st Cir.1981) ("great generality in the allegation of date is allowed ... where ... the exact time of the

---

**2.** The motion was filed by Keith Maling and joined by Ralph Maling, Chris Maling, Al Maling, Mark Gill, Timothy Hanscom, Michael Hur-

ley, John Monroe, Ralph Richard, Paul Rizzo, William Shaw, and Richard Sullivan.

commission of the crime is not important."). And, as noted above, count one need not allege any overt acts in furtherance of the conspiracy.

The defendants principally cite *United States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979), in support of their argument that count one fails to give adequate notice. In *Cecil*, however, the indictment at issue was open-ended as to the beginning and the termination of the conspiracy, a problem which is not present in this case. 608 F.2d at 1297. Further, the *Cecil* decision was based, in part, on the fact that no overt acts were alleged in the conspiracy indictment, an allegation which is not required in this case. *Id.* Finally, the holding in *Cecil* has never been cited nor adopted by the Court of Appeals for the First Circuit. Thus, this Court does not find the *Cecil* decision controlling in this case, and, for the reasons stated above, defendants' arguments claiming inadequate notice under count one are not persuasive.

### 2. Constructive Amendment

The defendants next argue that count one is so vague that it would allow the government to alter its theory of prosecution and introduce evidence at trial that was not the basis of the indictment by the grand jury. Such constructive amendment would be impermissible. The defendants' argument, however, is premature.

"A constructive amendment 'occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecution or court after the grand jury has last passed on them.'" *United States v. Dunn*, 758 F.2d 30, 35 (1st Cir.1985) (quoting *Gaither v. United States*, 413 F.2d 1061, 1071–72 (D.C.Cir.1969)). *See also Stirone v. United States*, 361 U.S. 212, 217–19, 80 S.Ct. 270, 273–74, 4 L.Ed.2d 252 (1960). Such a constructive amendment, either by alteration of the words of the indictment, a jury instruction which

modifies the charge, or the admission of evidence which modifies the offense charged, is prejudicial per se and reversible error. *Dunn*, 758 F.2d at 35. *See also United States v. Mollica*, 849 F.2d 723, 728–29 (2d Cir.1988).

■ In this case, the Court has yet to face any of these questions. At this point, the defendants have only suggested that the indictment may be too broad and may allow the government to introduce evidence beyond the scope of the indictment. But this objection is properly made when the claimed objectionable evidence is before the Court. At this time, the defendants' arguments concerning constructive amendment are not grounds for a dismissal.[3]

### 3. Statute of Limitations

■ The defendants argue that the conspiracy charged in count one was, at best, a number of separate conspiracies. The defendants assert that the evidence at trial will show the central conspiracy charged in count one, in fact, ended before September 21, 1984. Further, the defendants claim that the evidence at trial will show any further criminal activity as alleged in counts eight, nine, ten, eleven, twelve and thirteen was not part of the same conspiracy. As such, the defendants assert that the conspiracy charged in count one ended five years before the issuance of the third superseding indictment on September 21, 1989, and, therefore, count one should be dismissed as barred by the statute of limitations. This argument, however, is both premature and speculative, and does not create grounds to dismiss count one at this time.

The statute of limitations for all non-capital federal crimes is five years. 18 U.S.C. § 3282. Generally, the statute of limitations period begins to run when the crime, as alleged, is complete. *See Toussie v. United States*, 397 U.S. 112, 115, 90 S.Ct.

---

**3.** The defendants have also requested that this Court review and mark grand jury material to prevent constructive amendment problems at trial. This Court finds no authority requiring such a pretrial review, and this Court declines to conduct such a pretrial inquiry at this time.

*See United States v. Castellano*, 610 F.Supp. 1359, 1397 (S.D.N.Y.1985). This Court, however, shall review such grand jury material where necessary at trial in ruling on objections to the admissability of the government's evidence.

858, 860, 25 L.Ed.2d 156 (1970). In the case of non-overt act conspiracies, the statute of limitations is satisfied if the alleged conspiracy continues into the limitations period. *United States v. Butler*, 792 F.2d 1528, 1532 (11th Cir.), *cert. denied*, 479 U.S. 933, 107 S.Ct. 407, 93 L.Ed.2d 359 (1986). Furthermore, where an indictment is valid on its face, a court should not inquire into the sufficiency of evidence supporting a grand jury indictment. *United States v. Maceo*, 873 F.2d 1, 2–3 (1st Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 125, 107 L.Ed.2d 86 (1989). *See also Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956).

In this case, count one charges that the conspiracy stretched from "sometime in 1973, and continuing to and including August, 1987...." On its face, count one clearly satisfies the five-year statute of limitations period. The third superseding indictment was returned on September 21, 1989, and the conspiracy alleged in count one continues until August 1987.

As for the actual scope and nature of the conspiracy, this Court shall not make a pretrial inquiry into the sufficiency of the government's evidence on count one. The defendants have urged this Court to disregard the general rule against pretrial inquiries and to force the government to proffer evidence concerning the statute of limitations. *See United States v. Castellano*, 610 F.Supp. 1359, 1397 (S.D.N.Y.1985). The defendants, however, have cited no authority requiring this Court to make such a pretrial inquiry, and this Court shall defer questions concerning the scope and nature of the conspiracy until the government offers its evidence at trial. *See United States v. Rivera–Santiago*, 872 F.2d 1073, 1079 (1st Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 3227, 106 L.Ed.2d 576 (1989) ("The question of whether there is a single or multiple conspiracy is one of fact for the jury.").

In sum, for all the reasons stated above, the defendants motion to dismiss count one should be denied.

**B.** *Motion to Dismiss Count Two*

Count two charges one defendant, Ralph Maling, with engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848. This count alleges that the CCE lasted from August 1976 until August 1987 in at least seven states: Massachusetts, New Hampshire, Maine, North Carolina, Florida, Colorado, and Arizona. Specifically, the indictment charges that Ralph Maling committed a series of felony violations as stated in counts one, four, seven, eight, nine and twelve which make up the CCE. Further, count three charges that Ralph Maling acted in concert with five or more people as named in the other counts, was an "organizer, supervisor, or manager" of the CCE, and derived "substantial income and resources" from the CCE.

Ralph Maling has moved to dismiss count two for failure to provide adequate notice and for problems concerning constructive amendment of the grand jury indictment. In support of the motion, Ralph Maling has not filed a separate memorandum of law and, instead, has moved to adopt Keith Maling's objections as to count three which were fully briefed. Since both counts two and three charge the same substantive offense in the same essential language with only minor differences as to underlying offenses and locations, Ralph Maling's motion to dismiss should be denied for the same reasons as discussed below regarding adequate notice and constructive amendment on count three.

**C.** *Motion to Dismiss Count Three*

Count three charges one defendant, Keith Maling, with engaging in a CCE in violation of 21 U.S.C. § 848. This count alleges that the CCE lasted from August 1976 until July 1987 in seven states: Massachusetts, New Hampshire, Maine, North Carolina, Florida, Colorado, and Arizona. Specifically, the indictment charges that Keith Maling committed a series of felony violations as stated in counts one, five, seven, ten, and eleven which make up the CCE. Further, count three charges that Keith Maling acted in concert with five or

more people as named in the other counts, was an "organizer, supervisor, or manager" of the CCE, and derived "substantial income and resources" from the CCE.

Initially, Keith Maling argues for dismissal asserting the same arguments discussed concerning count one: adequate notice, constructive amendment, and statute of limitations.[4] As for notice, "a CCE indictment is sufficient where ... the CCE counts charge [defendants] in the language of the statute, and the indictment additionally alleges at least three violations in another count or counts." *United States v. Staggs,* 881 F.2d 1527, 1530 (10th Cir.1989) (en banc), *cert. denied,* — U.S. —, 110 S.Ct. 719, 107 L.Ed.2d 739 (1990). *See also United States v. Moya–Gomez,* 860 F.2d 706, 752 (7th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 3221, 106 L.Ed.2d 571 (1989); *United States v. Becton,* 751 F.2d 250, 256–57 (8th Cir.1984), *cert. denied,* 472 U.S. 1018, 105 S.Ct. 3480, 87 L.Ed.2d 615 (1985).[5] Furthermore, a CCE indictment need not name or identify the five individuals with whom the defendant allegedly acted in concert. *See Staggs,* 881 F.2d at 1530 n. 3 (CCE indictment did not identify five persons); *United States v. Amend,* 791 F.2d 1120, 1125 (4th Cir.), *cert. denied,* 479 U.S. 930, 107 S.Ct. 399, 93 L.Ed.2d 353 (1986). In this case, count three accurately tracks the statutory language of 21 U.S.C. § 848 and provides sufficient facts concerning the duration and location of the alleged CCE. Further, count three cites five violations within the indictment which satisfy the "continuing series" element of a CCE charge. Thus, count three gives Keith

Maling adequate notice of the crime charged.

As for the constructive amendment objection, as noted above, the defendant's arguments are premature and are not grounds for dismissal at this time. Any objections concerning possible constructive amendment of any count in the indictment may properly be raised at or after trial. Any objections by Keith Maling prior to trial would be merely speculative, and would violate the general rule not requiring a pretrial inquiry into the sufficiency of evidence supporting an indictment. *See Maceo,* 873 F.2d at 2–3; *Costello,* 350 U.S. at 363, 76 S.Ct. at 408.

As for the statute of limitations objection, the noncapital five-year limitations period applies to count three. *See* 18 U.S.C. § 3282. On its face, count three charges a single CCE ending in August 1987 which is within the limitations period for the third superseding indictment. Further, as noted above, this Court declines to make a pretrial inquiry into the government's case to determine the scope and nature of the CCE. Consequently, for the same reasons noted in the discussion of count one, count three is not barred by the statute of limitations.

Keith Maling also raises two novel arguments for dismissal of count three.[6] First, Keith Maling asserts that count three improperly cites violations of 21 U.S.C. § 846 and § 963 as part of the CCE. Keith Maling claims that these conspiracy charges are each lesser included offenses of a CCE charge and, therefore, violations of 21 U.S.C. § 846 and § 963 are ineligible to be

---

**4.** These arguments by Keith Maling are framed in identical language, and, with the exception of the adequacy of notice issue, cite the same authorities as discussed concerning count one. As such, this Court shall not recite the particulars of Keith Maling's arguments to the extent they overlap objections raised concerning count one.

**5.** This Court recognizes that at least three circuits have held indictments which only track the language of the statute sufficient without stating the underlying violations. *See United States v. Amend,* 791 F.2d 1120, 1125 (4th Cir.), *cert. denied,* 479 U.S. 930, 107 S.Ct. 399, 93 L.Ed.2d 353 (1986); *United States v. Sterling,* 742 F.2d 521, 526 (9th Cir.1984), *cert. denied,*

471 U.S. 1099, 105 S.Ct. 2322, 85 L.Ed.2d 840 (1985); *United States v. Johnson,* 575 F.2d 1347, 1356 (5th Cir.1978), *cert. denied,* 440 U.S. 407, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979). In this case, we need not reach such authority since both counts two and three make specific reference to more than three underlying violations.

**6.** This Court notes that defendant Ralph Maling did not raise these objections in his motion to dismiss count two, and, although Ralph Maling joined Keith Maling's pleadings as to the issues already discussed, this Court shall not consider the objections as to lesser-included offenses and venue on behalf of Ralph Maling.

used as predicate offenses for a CCE charge. Second, Keith Maling claims that venue under count three is improper, and Keith Maling requests that the government proffer evidence before trial showing its theory of venue. The government has not responded to these arguments in writing.

 As to the first argument, the defendant misstates the applicable law. In *United States v. Fernandez*, the Court of Appeals for the Third Circuit accurately stated:

> The [CCE] statute provides, in clear language, that *any* felony violation of Subchapters I and II of chapter 13 of Title 21 is an eligible predicate [offense]. There is no exclusionary or delimiting language as to § 846, § 963 or any other felony.

822 F.2d 382, 384 (3rd Cir.), *cert. denied*, 484 U.S. 963, 108 S.Ct. 450, 98 L.Ed.2d 391 (1987). Courts, including the First Circuit, have repeatedly held that violations of 21 U.S.C. § 846 and § 963 are proper predicate offenses for a CCE charge. *See United States v. Rouleau*, 894 F.2d 13, 14 (1st Cir.1990); *United States v. Hernandez–Escarsega*, 886 F.2d 1560, 1571 (9th Cir.1989); *United States v. Hall*, 843 F.2d 408, 410–11 (10th Cir.1988); *Fernandez*, 822 F.2d at 384–86; *United States v. Middleton*, 673 F.2d 31, 33 & n. 2 (1st Cir.1982). In light of this authority, Keith Maling's argument is meritless.

As to the second claim, Keith Maling's argument has no basis given the clear language of count three. Both constitutional and statutory provisions require that a criminal defendant shall be tried where the offense was committed. U.S. Const. art. III, § 2, cl. 3 & amend. VI; Fed.R.Crim.P. 18. *See also United States v. Johnson*, 323 U.S. 273, 275, 65 S.Ct. 249, 250, 89 L.Ed. 236 (1944). Count three clearly alleges that Keith Maling committed an offense "in the District of Massachusetts." As such, count three on its face satisfies the requirements for venue, and this Court, as noted previously, shall not make a pretrial inquiry into the sufficiency of the indictment on its face. Thus, Keith Maling's objection as to venue has no merit.

In sum, for all the reasons stated above, Keith Maling's motion to dismiss count three should be denied.

### D. *Motion to Elect and Dismiss Counts Four and Five*

Counts four and five of the indictment charge similar offenses of conspiracy to import marijuana in violation of 21 U.S.C. § 963. Further, counts four and five concern overlapping time periods and locations. Defendant Ralph Maling, indicted under both counts, has moved for the government to elect which count to prosecute against him and for the government to dismiss the other count. On April 13, 1990, the government voluntarily dismissed count four against Ralph Maling, and, consequently, this motion should be denied as moot.[7]

### E. *Motion to Dismiss Count Seven*

Count seven charges four defendants, Ralph Maling, Keith Maling, Chris Maling, and Ralph Richard, with distributing more than 1,000 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count seven states that the alleged offenses occurred "[i]n or about January 1984." The third superseding indictment including count seven was unsealed on September 21, 1989. Initially, the defendants claim that count seven is barred by the five-year statute of limitations for non-capital federal offenses. *See* 18 U.S.C. § 3282.[8]

 When a federal indictment is returned within the statute of limitations period, a magistrate may direct that the in-

---

7. This Court notes that Robert Stowe, who remains a fugitive, is also charged under count four and count five. This Court recognizes that the government's dismissal of count four does not apply to Robert Stowe, and, further, this Court reserves judgment on any motions Stowe may bring concerning this issue at a latter date.

8. Title 18 section 3282 provides: "no person shall be punished for any offense, not capital, unless the indictment is found or the information is instituted within five years after such offense shall have been committed." 18 U.S.C. § 3282.

dictment be sealed. Fed.R.Crim.P. 6(e)(4). For the purposes of the statute of limitations, a properly sealed indictment is found on the date of return to the magistrate, not on the date of the unsealing. *See United States v. Lakin*, 875 F.2d 168, 170 (8th Cir.1989); *United States v. Srulowitz*, 819 F.2d 37, 40 (2d Cir.), *cert. denied*, 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 111 (1987); *United States v. Ramey*, 791 F.2d 317, 320 (4th Cir.1986). Thus, when an indictment is sealed until after the expiration of the statute of limitations period, the statute does not bar prosecution so long as the indictment was properly sealed and timely returned. *Srulowitz*, 819 F.2d at 40; *Ramey*, 791 F.2d at 320.

In this case, count seven of the third superseding indictment was originally charged in a sealed indictment returned within the limitations period. Counts two, three, four, and five of the first superseding indictment charged the same four defendants with the same substantive offense in the same states during the same months in 1984. The first superseding indictment was returned by the grand jury on January 5, 1989 within five years of the substantive offenses charged. At the request of the government, the magistrate ordered the first superseding indictment placed under seal until the defendants were in custody. The indictment remained under seal until the arrest of Chris Maling on June 26, 1989.[9] Thus, so long as the first superseding indictment was properly sealed, counts two, three, four, and five (now count seven of the third superseding indictment) were returned before the end of the statute of limitations period.

Recognizing this procedural history, the defendants still press four arguments for dismissal of count seven. This court shall discuss each claim in turn.

1. Sealing of First Superseding Indictment

The defendants claim that under Rule 6(e)(4) a magistrate may only seal the in-

dictment for the purpose of gaining custody over the defendant. As such, the defendants argue that the government knew the whereabouts of the defendants but did not pursue them, and instead the government improperly continued to investigate the defendants while the indictment remained under seal. In the alternative, the defendants argue that the government should have returned to the magistrate after the initial sealing to explain their reasons for not immediately pursuing the defendants. Upon careful review, these arguments are not persuasive.

▪ Rule 6(e)(4) provides that "[t]he federal magistrate to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending bail." Fed.R.Crim.P. 6(e)(4). Courts from several circuits have held that "reasons other than taking the defendant into custody may support the sealing of an indictment." *Lakin*, 875 F.2d at 170 (indictment sealed to allow time to gather more evidence). *See also Ramey*, 791 F.2d at 318 (indictment sealed to allow government, in part, to work further with cooperating witness); *United States v. Edwards*, 777 F.2d 644, 647–48 (11th Cir.1985), *cert. denied*, 475 U.S. 1123, 106 S.Ct. 1644, 1645, 90 L.Ed.2d 189 (1986) (indictment sealed, in part, to toll statute of limitations); *United States v. Southland Corp.*, 760 F.2d 1366, 13778 (2d Cir.), *cert. denied*, 474 U.S. 825, 106 S.Ct. 82, 88 L.Ed.2d 67 (1985) (indictment sealed to obtain further testimony from witness). Thus, an indictment may properly be sealed within the discretion of the magistrate for any legitimate prosecutorial objective. *Lakin*, 875 F.2d at 170; *Ramey*, 791 F.2d at 321; *Southland*, 760 F.2d 1379–80. Finally, absent showing of actual prejudice, "great deference should be accorded to the discretion of the magistrate" in sealing the indictment. *Southland Corp.*, 760 F.2d at 1380.[10]

---

**9.** Subsequently, the grand jury handed down the second superseding indictment on July 13, 1989 which, under count three, charged the same substantive offense as count seven of the third superseding indictment.

**10.** In *Southland Corp.*, Circuit Judge Friendly emphasized:

In this case, the government initially sought the sealing for a legitimate prosecutorial purpose. The government stated that several of the defendants might flee upon hearing of the indictment and one of the defendants, Ralph Richard, would receive excessive publicity which could jeopardize taking the others into custody.[11] The magistrate granted the request, and the indictment was sealed.

The defendants, however, claim that this sealing was later tainted by government delays in arresting the defendants. According to sworn affidavits from the present prosecuting attorney, the government initially attempted to apprehend the four defendants beginning in January 1989. After three or four weeks, however, the government was unable to locate all four of the defendants. Sometime later, in early March 1989, the office of the United States Attorney in Boston was undergoing administrative changes and, in late March, the case was reassigned to the current prosecuting attorney. Furthermore, at or about the same time, significant new information concerning the alleged drug conspiracy came to the attention of the government which required further investigation.

In these circumstances, the government decided to delay seeking the arrest of the four defendants. After reviewing the relevant case law, the current prosecuting attorney found no authority requiring him to return to the magistrate stating new reasons to extend the sealing order. Instead, sometime in early April, the prosecuting attorney ordered federal agents to cease looking for the four defendants until the new information could be investigated. Later, on June 20, 1989, Ralph Maling was arrested pursuant to a criminal complaint, and the government again pursued the immediate arrest of the other three defendants in count seven. On June 26, 1989, Chris Maling was arrested and the first superseding indictment was unsealed.[12] In total, the first superseding indictment was under seal for five months and three weeks.

■ This delay, however, does not create grounds to find the sealing improper and to dismiss count seven. First, the delay did not vitiate the initial proper purpose for the sealing. Throughout the time period, the government attested that it never knew the exact whereabouts of Keith Maling and Ralph Richard who were only arrested upon surrendering to authorities. Second, the reasons for delaying the arrests were legitimate prosecutorial objectives under Rule 6(e)(4). As noted above, courts have upheld sealing indictment for pursuing testimony from new witnesses and for gathering further evidence against indicted defendants. *See Lakin*, 875 F.2d at 170; *Ramey*, 791 F.2d at 318.

Third, given the status of the case law concerning the procedural requirements of Rule 6(e)(4), the government was entitled to rely on the magistrate's sealing order in this case. The government cites to authority from the second, third, and eighth cir-

"The Government should be able, except in the most extraordinary cases, to rely on [the magistrate's] decision rather than risk dismissal of an indictment...." 760 F.2d at 1380.

11. The colloquy by Assistant United States Attorney Kevin Sharkey before United States Magistrate Robert B. Collings was as follows:

Mr. SHARKEY: There are four defendants involved here, your Honor. One of the defendants, Keith Maling, is believed to be in Miami. The [sic] Ralph Maling, there's been evidence presented to the Grand Jury and to government agents that he will flee if he learns that he has either been charged or is about to be charged. And there is a third defendant, Ralph Richard, whose last known address is in Indiana. Mr. Richard was the subject of a great deal of media interest in the past regarding charges that were brought against him in Rhode Island regarding the death of an infant son—I believe it was his son, maybe it was a daughter, I'm not sure now as I say that. I would anticipate that the return of any charges against Mr. Richard will generate immediate media attention here and would hamper the efforts of the law enforcement officials to locate the defendants and bring them properly before this Court. And for those reasons, I would ask that the indictment be sealed.

MAGISTRATE COLLINGS: I have no problems sealing it.

12. The government never found defendants Keith Maling and Ralph Richard who were only arrested upon surrendering to authorities in early July 1989.

cuits which holds that the government need not proffer any reasons whatsoever at the time of its request for sealing. *See Lakin,* 875 F.2d at 171; *Srulowitz,* 819 F.2d at 41; *United States v. Michael,* 180 F.2d 55, 57 (3d Cir.1949), *cert. denied,* 339 U.S. 978, 70 S.Ct. 1023, 94 L.Ed. 1383 (1950). Under these cases, the sealing is proper so long as the government presents a legitimate prosecutorial objective after the unsealing of the indictment. *See Lakin,* 875 F.2d at 171; *Srulowitz,* 819 F.2d at 41. By contrast, the defendants cite to no authority requiring that the government return to the magistrate before the unsealing each time an additional or new reason arises in support of a sealing order. In this circuit, the only existing case law has not reached the questions presented in this case. *United States v. Cosolito,* 488 F.Supp. 531, 537 (D.Mass.1980) (misrepresentation to magistrate concerning reason for sealing required dismissal); *United States v. Maroun,* 699 F.Supp. 5, 7 (D.Mass.1988) (implied misrepresentation by government to magistrate required dismissal).

In this context, this Court recognizes, without adopting, the authorities of the second, third, and eight circuits which gave the government good reason to rely on the magistrate's sealing order, provided that the government was pursuing a legitimate prosecutorial objective. Furthermore, this Court does not find that the government's actions in undertaking further investigative activity amounted to misrepresentations which would require dismissal under the case law in this circuit. In sum, for all the reasons stated above, this Court finds that the first superseding indictment was not improperly sealed.

### 2. Prejudice from Sealing First Superseding Indictment

■ The defendants next argue that they suffered actual, substantial prejudice

during the time that the first superseding indictment was under seal. A properly sealed indictment extending beyond the limitations period should not be dismissed unless the defendant can show substantial, irreparable, actual prejudice. *Edwards,* 777 F.2d at 649; *Srulowitz,* 819 F.2d at 40; *United States v. Muse,* 633 F.2d 1041, 1043 (2d Cir.1980), *cert. denied,* 450 U.S. 984, 101 S.Ct. 1522, 67 L.Ed.2d 820 (1981). The defendant must show prejudice occurring between the date of sealing and the date of unsealing to warrant dismissal. *Srulowitz,* 819 F.2d at 40; *Muse,* 633 F.2d at 1043–44. In this case, none of the defendants sufficiently articulates any actual prejudice specific to the period from the date of sealing, January 5, 1989, to the date of unsealing, June 26, 1989.[13] Furthermore, the length of time that the indictment was sealed does not itself create a presumption of prejudice. *See Muse,* 633 F.2d at 1044. As such, the defendants' arguments concerning prejudice due to sealing of the first superseding indictment are not grounds for dismissal in this case.[14]

### 3. Enlarging Charges from First Superseding Indictment

The defendants next argue that the government improperly enlarged the charges from the first superseding indictment. Specifically, the defendants claim that counts two, three, four, and five of the first superseding indictment do not charge the same offense as count three of the second superseding indictment. Count three of the second superseding indictment was later charged, in identical language, as count seven of the third superseding indictment.

"A superseding indictment returned while the first indictment is pending is timely unless it 'broaden[s] or substantially amend[s]' the charges in the original indict-

---

**13.** Neither Keith Maling's claim of memory loss nor Ralph Richard's claim of lost evidence specifically relate to the time period that the indictment was under seal. *See Muse,* 633 F.2d at 1044 (defendant did not show memory loss occurred during the specific sixteen months indictment was under seal).

**14.** For further discussion of the defendants claims concerning actual prejudice, see part H below.

ment." *United States v. Sears Roebuck & Co., Inc.*, 785 F.2d 777, 778 (9th Cir.), *cert. denied*, 479 U.S. 988, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986) (quoting *United States v. Grady*, 544 F.2d 598, 602 (2d Cir.1976)). *See also United States v. Elliott*, 849 F.2d 554, 561 (11th Cir.1988). Thus, a court should carefully review the charges of a superseding indictment to determine whether the new counts involve substantively different offenses, additional elements of proof, or the potential for additional criminal penalties in comparison to the initial indictment. *See Sears Roebuck*, 785 F.2d at 779.

■■ In the first superseding indictment, counts two, three, four, and five charge Ralph Maling, Keith Maling, Chris Maling, and Ralph Richard with violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The charges occurred in January and March of 1984 and in various locations in Massachusetts, North Carolina, Florida, and Pennsylvania. In the second superseding indictment, count three charges the same four defendants with the same substantive violations occurring at the same times and in the same states. The only possible variation in charges concerns the specificity of dates in the individual counts of the first superseding indictment. This slight difference, however, does not alter the substantive elements of the charge nor does it threaten to impose a greater penalty on the defendants. *See Sears Roebuck*, 785 F.2d at 779. Thus, count three of the second superseding indictment does not impermissibly broaden or amend counts from the first superseding indictment.

### 4. Tolling Provisions in Third Superseding Indictment

Lastly, the defendants claim that the government failed to allege their reliance on any tolling provisions in returning count seven. The defendants argue that the government should follow common practice in state jurisdictions which requires the indictment to state any reliance on tolling

provisions. *See, e.g., Alston v. Texas*, 738 S.W.2d 762 (Tex.App.1987); *State v. Stillwell*, 175 N.J.Super. 244, 418 A.2d 267 (1980). The defendants, however, fail to assert any federal law authority for this proposition, and, instead, the defendants invite this Court to adopt this state law practice *sua sponte*. Absent binding federal authority, this Court declines to do so.

In sum, for all the reasons stated above, this Court should deny defendants' motions to dismiss count seven.

### F. Motion to Elect and Dismiss Counts One and Ten

■■ Count one, as noted above, charges fifteen defendants with a conspiracy to distribute marijuana violating 21 U.S.C. § 846 from 1973 to 1987 in seven states. Count ten, charges five defendants,[15] all named in count one, with conspiracy to distribute marijuana violating 21 U.S.C. § 846 in July 1986 within three states also covered by count one. The defendants named in count ten argue that count one and count ten charge the same crime and thereby violate the double jeopardy clause. Therefore, the defendants move for the government to elect whether to prosecute count one or ten against the five defendants and to dismiss the other count. Upon careful review, this argument is not grounds for dismissal prior to trial.

"Multiplicity" is the charging of a single offense in more than one count of an indictment. *United States v. Anderson*, 872 F.2d 1508, 1518 (11th Cir.), *cert. denied*, — U.S. ——, 110 S.Ct. 566, 107 L.Ed.2d 560 (1989). A multiplicitous indictment may lead to multiple sentences for the same violation, and the double jeopardy clause prohibits such multiple sentences for the same offense. *See United States v. Carter*, 576 F.2d 1061, 1064 (3d Cir.1978); *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Generally, the test for determining whether counts of an indictment are multiplicitous is "whether each provision re-

---

**15.** The five defendants charged in count ten are Keith Maling, Al Maling, Richard Booker, Paul Rizzo, and Emelio Doe. Only Keith Maling, Al Maling, and Paul Rizzo have moved for the government to elect and dismiss counts one and ten.

quires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

In determining whether two conspiracies are in fact the same for double jeopardy purposes, the Court of Appeals for the First Circuit has identified five factors to review: "the time during which the activities occurred; (2) the persons involved in the conspiracies; (3) the places involved; (4) whether the same evidence was used to prove the two conspiracies; and (5) whether the same statutory provision was involved in both conspiracies." *United States v. Booth*, 673 F.2d 27, 29 (1st Cir.), *cert. denied*, 456 U.S. 978, 102 S.Ct. 2245, 72 L.Ed.2d 853 (1982). *See also United States v. Garcia–Rosa*, 876 F.2d 209, 228 (1st Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 742, 107 L.Ed.2d 760 (1990).

In this case, the government concedes that counts one and ten are the same as to all elements except the fourth element— whether the same evidence will be used. The government has said that the evidence at trial will show two separate agreements: one long conspiracy continuing from 1973 to 1987 and another distinct conspiracy in 1986. Further, the government has said that the evidence will show the conspiracy charged in count ten took place without the knowledge or cooperation of the additional defendants charged in the count one conspiracy, and the benefits from the smaller conspiracy did not flow to the members of the long-term conspiracy. As such, the government argues that the jury should decide whether the defendants were involved in separate or the same agreements under count one and ten, and no multiplicity problem is created before the evidence has been presented at trial. Given the applicable case law, the government's argument is persuasive.

As noted above, "[t]he question of whether there is a single or multiple conspiracy is one of fact for the jury." *Rivera–Santiago*, 872 F.2d at 1079. Where counts one and ten charge separate conspiracies, the court should instruct the jury on the issue of multiple conspiracies. *See*

*United States v. Varelli*, 407 F.2d 735, 746 (7th Cir.1969). In this case, the government has said the evidence as to counts one and ten will show separate and distinct conspiracies. Any objections concerning multiplicity may properly be raised at or after trial. Consequently, the government should not be forced before trial to elect and dismiss between counts one and ten despite their similarity.

### G. *Motion to Strike Overt Acts and Dismiss Count Eighteen*

Count eighteen charges three defendants, Keith Maling, Ralph Maling, and Chris Maling, with conspiracy to defraud the United States by obstructing the Internal Revenue Service in collecting income taxes in violation of 18 U.S.C. § 371. Count eighteen asserts that the conspiracy began in 1978 and continued until September 4, 1985. Count eighteen specifically describes numerous overt acts conducted by the defendants in furtherance of the conspiracy to defraud the United States.

The defendants argue that count eighteen should be barred by the statute of limitations. Specifically, the defendants claim that only six overt acts—lettered L, T, U, HH, JJ and KK—of the alleged conspiracy occurred within the five-year statute of limitations applicable to count eighteen. *See* 18 U.S.C. § 3282. The defendants claim that these six acts were not part of the conspiratorial purpose, but instead were efforts to conceal prior conspiratorial acts. As such, the defendants argue that these overt acts cannot be used to extend the statute of limitations. Upon careful review of the language in the indictment and the applicable case law, this argument has no merit.

First, upon review of the six overt acts, they all appear to state acts which would reasonably be in furtherance of the conspiratorial scheme and not solely to conceal the conspiratorial purpose. For example, overt acts HH, JJ, and KK each involved the issuance of a check which does not suggest concealment. Second, it is clear that acts to conceal the conspiracy may in fact be used to extend the statute

of limitations period provided a sufficient evidentiary foundation exists. *See United States v. Steele,* 685 F.2d 793, 803 (3d Cir.), *cert. denied,* 459 U.S. 908, 103 S.Ct. 213, 74 L.Ed.2d 170 (1982). Finally, as noted above under discussions of counts one and three, the defendants' arguments concerning the statute of limitations, which the defendants incorporate to their argument as to count eighteen, is not persuasive.[16]

### H. *Motions to Dismiss for Pre-indictment Delay*

Various defendants[17] have moved for a dismissal for pre-indictment delay pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure and the due process clause of the fifth amendment. Rule 48(b) provides for the dismissal of an indictment because of unnecessary pre-indictment and post-indictment delay:

> If there is unnecessary delay in presenting the charge to the grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.

The United States Supreme Court has held that Rule 48(b) is limited to post-arrest situations. *United States v. Marion,* 404 U.S. 307, 319, 92 S.Ct. 455, 462, 30 L.Ed.2d 468 (1971); *United States v. Lovasco,* 431 U.S. 783, 789 n. 8, 97 S.Ct. 2044, 2048 n. 8, 52 L.Ed.2d 752 (1977). In this case, the defendants were not arrested until after they were indicted and do not complain of post-arrest delay. Accordingly, Rule 48(b) does not provide a basis for dismissal and the defendants' motions to dismiss on this ground should be denied.

■ These defendants next contend that the government's pre-indictment delay and delay in unsealing the original indictment and the first superseding indictment

deprived them of their rights to a fair trial guaranteed by the due process clause of the fifth amendment. The protection of the speedy trial provision of the sixth amendment "is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution." *Marion,* 404 U.S. at 313, 92 S.Ct. at 459. "Either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge" are necessary to trigger the protections of the sixth amendment. *Id. See also Lovasco,* 431 U.S. at 788, 97 S.Ct. at 2048 (quoting *Marion* ). Thus, the sixth amendment does not afford protection to defendants against prejudice which may result from the passage of time between the crime and the arrest or charge. *Marion,* 404 U.S. at 321–22, 92 S.Ct. at 463–64. In the situation of a sealed indictment, the protections of the sixth amendment are not triggered until the indictment is unsealed and made public. *See* 18 U.S.C. § 3161(c)(1); *United States v. Watson,* 599 F.2d 1149, 1156–57 n. 8 (2d Cir.) ("a defendant's sixth amendment speedy trial rights attach only when a sealed indictment is unsealed...."), *revised,* 690 F.2d 15 (2nd Cir.1979), *aff'd and modified on rehearing en banc, United States v. Muse,* 633 F.2d 1041 (2nd Cir. 1980), *cert. denied,* 450 U.S. 984, 101 S.Ct. 1522, 67 L.Ed.2d 820 (1981). Thus, the sixth amendment does not protect a defendant from oppressive delay while the indictment is sealed.

The law does afford criminal defendants other protections against possible and actual prejudice resulting from delay prior to arrest, indictment or unsealing of an indictment. *Marion,* 404 U.S. at 322, 92 S.Ct. at 464. "[T]he primary guarantee against bringing overly stale criminal charges is the applicable statute of limitations," which specifies "a limit beyond which there is an

---

16. This Court recognizes that Keith Maling filed a supplementary motion to dismiss based on the recent opinion, *United States v. Minarik,* 875 F.2d 1186 (6th Cir.1989). The government has not responded. Upon review, the *Minarik* case does not appear to require the dismissal of

count eighteen, and any issues raised by the case may be handled at trial.

17. The following defendants have filed or joined motions to dismiss for pre-indictment delay: Keith Maling, Ralph Maling, William Shaw, Chris Maling, and Timothy Hanscom.

irrebuttable presumption that a defendant's right to a fair trial would be prejudiced." *Id.* at 322, 92 S.Ct. at 464. The due process clause of the fifth amendment affords additional protection to criminal defendants against actual prejudice resulting from oppressive pre-accusation delay. *Id.* at 322, 324, 92 S.Ct. at 464, 465; *Lovasco,* 431 U.S. at 789, 97 S.Ct. at 2048. The due process clause also guards against excessive and unfair delay between the sealing and unsealing of an indictment. *Watson,* 599 F.2d at 1149 n. 8.

■ Yet, under the due process clause, to obtain a dismissal of an indictment for pre-indictment delay, a defendant must prove more than actual prejudice. *Lovasco,* 431 U.S. at 789–90, 97 S.Ct. at 2048–49. A due process inquiry involves consideration of the reasons for the delay as well as the prejudice to the accused. *Id.* at 790, 97 S.Ct. at 2048. The Court of Appeals for the First Circuit, interpreting the Supreme Court decisions of *Marion* and *Lovasco,* has repeatedly held that to obtain a dismissal of an indictment for a violation of due process caused by oppressive delay, a defendant must prove (1) that the pre-indictment delay caused substantial actual prejudice to the defendant's rights to a fair trial and (2) that the delay was an intentional device to gain tactical advantage over the accused. *United States v. Picciandra,* 788 F.2d 39, 42 (1st Cir.) (citing *Marion,* 404 U.S. at 324–25, 92 S.Ct. at 465–66), *cert. denied,* 479 U.S. 847, 107 S.Ct. 166, 93 L.Ed.2d 104 (1986); *United States v. Acevedo,* 842 F.2d 502, 504 (1st Cir.1988) (citing *Picciandra,* 788 F.2d at 42 and *Marion,* 404 U.S. at 324–25, 92 S.Ct. at 465–66; *United States v. Lebron–Gonzalez,* 816 F.2d 823, 831 (1st Cir.) (citing *Marion* 404 U.S. at 324–25, 92 S.Ct. at 465–66), cert. denied, 484 U.S. 843, 108 S.Ct. 135, 98 L.Ed.2d 92 (1987); *United States v. Marler,* 756 F.2d 206, 213 (1st Cir.1985) (citing *Lovasco,* 431 U.S. at 795, 97 S.Ct. at 2051, quoting, *Marion,* 404 U.S. at 324, 92 S.Ct. at 465). Applying this dual analysis to the facts of this case, this Court concludes that the defendants have not demonstrated actual, substantial prejudice or that the government intentionally delayed in order to gain tactical advantage or to harass.

Only one defendant, Keith Maling, makes claims of actual prejudice. First, Keith Maling claims that he cannot rebut the testimony of Ray Wedrick, a government informant, who will testify that he had a conversation on tape with Keith Maling, or the testimony of a special agent of the Drug Enforcement Administration ("DEA") who also listened to this taped conversation, because the DEA cannot now locate the tape. The fact that the tape cannot be found, that these two witnesses will testify as to the substance of the conversation, and that Keith Maling will not be able to use the tape to rebut their testimony, including their identification of the taped voice as his voice, does not establish substantial prejudice requiring dismissal. The defendant can still challenge the testimony of these two witnesses and their identification of the taped voice during cross-examination.

Keith Maling also claims that he is prejudiced by the delay because his memory has faded over time. Keith Maling now asserts that he cannot recall the identity and location of exculpatory evidence and, particularly, the specific persons to whom he communicated his withdrawal from the alleged criminal activities prior to the statute of limitations period. Also regarding his withdrawal defense, Keith Maling claims that he is prejudiced because certain witnesses, specifically defendants, Emilio Doe and Richard Booker, who would testify in support of his withdrawal defense are now unavailable.

■ Generally, the assertion that memories have dimmed with the passage of time cannot establish actual substantial prejudice. *Marler,* 756 F.2d at 214 (citations omitted). Moreover, Keith Maling's claimed loss of memory is suspect upon consideration of the fact that he remembers the names of the defendants who he claims would support his withdrawal defense. This inconsistency also raises doubt as to the veracity of Keith Maling's claim that these defendants would actually testify in support of his defense and provide

exculpatory testimony. Besides being self-serving, specious, and incapable of being proved to the Court, Keith Maling's claims, which both relate to his withdrawal defense, are also undermined by the government's representation that it has direct evidence of Keith Maling's involvement in criminal activity as late as July, 1986. For the foregoing reasons, Keith Maling has failed to demonstrate actual substantial prejudice.

Failing even to attempt to demonstrate actual prejudice, the other defendants also have not established actual, substantial prejudice resulting from the pre-indictment delay, including the delay during the time that the indictment was sealed. Accordingly, the defendants have not demonstrated that they cannot receive a fair trial as a result of the delay in this case and are not entitled to a dismissal of the indictment under the due process clause. The defendants' motions to dismiss for pre-indictment delay should therefore be denied.

Absent proof of substantial prejudice, this Court need not consider the second part of its due process analysis, that is, whether the government intentionally delayed the indictment to gain tactical advantage. *See Acevedo*, 842 F.2d at 505; *Picciandra*, 788 F.2d at 43. Nevertheless, this Court notes its conclusion that the moving defendants have failed to demonstrate that the delay in this case was an intentional device used by the government to gain tactical advantage or to harass. The government has stated several reasons for the delay. The primary reason was to continue investigation of the crimes alleged, which include an expansive conspiracy involving fifteen defendants and spanning fourteen years. As the Supreme Court has stated, "[i]nvestigative delay is fundamentally unlike delay undertaken by the government 'solely to gain tactical advantage over the accused.'" *Lovasco*, 431 U.S. at 795, 97 S.Ct. at 2051 (quoting *Marion*, 404 U.S. at 324, 92 S.Ct. at 465. Another valid reason given for the delay, and also the reason for the sealing, was to

locate and arrest the defendants. The defendants have failed to satisfy their burden of establishing that the government intentionally delayed for tactical reasons. The defendants have not demonstrated that the delay in this case was intentional, reckless or even negligent on the part of government. Thus, this Court finds that the delay in this case was not a device by the government to gain unfair advantage over the defendants or a result of any bad faith by the government.

Accordingly, the defendants have failed to show that their due process rights were violated by the pre-indictment delay and delay prior to unsealing in this case, and their motions to dismiss should be denied.

## I. *Motions to Dismiss for Violation of Speedy Trial Act*

 Keith Maling, joined by Ralph Maling and Chris Maling,[18] have moved to dismiss the indictment for violation of the Speedy Trial Act. The Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

In this case, defendant Ralph Maling was arrested on June 20, 1989. The first superseding indictment, however, was not formally unsealed and made public until the time of defendant Chris Maling's first appearance before a judicial officer in California on June 26, 1989. Thus, under the Speedy Trial Act, both Ralph Maling's and Chris Maling's speedy trial clocks began ticking on June 26, 1989. 18 U.S.C. § 3161(c)(1). Keith Maling thereafter sur-

---

**18.** Keith Maling is the only defendant who has filed a motion to dismiss for violation of the speedy trial act and a supporting memorandum.

Ralph and Chris Maling have joined and adopted Keith Maling's motion and arguments.

rendered on July 6, 1989, and first appeared before a judicial officer on the first superseding indictment on that date. Thus, Keith Maling's speedy trial clock began ticking on July 6, 1989.

On July 11, 1989, Ralph Maling, Chris Maling and Keith Maling were arraigned on the first superseding indictment. At that time, the defendants agreed to a twenty-one day period for the filing of pretrial motions. On July 12, 1989, the magistrate entered an "Order on Excludable Time" which excluded the twenty-one day period from the date of arraignment until the pretrial motion filing deadline of August 1, 1989. This period of delay for preparation of pretrial motions is properly excluded under 18 U.S.C. § 3161(h)(1)(F) which provides that a "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" shall be excluded from computing time under the Speedy Trial Act. *United States v. Jodoin*, 672 F.2d 232, 237–38 (1st Cir.1982); *United States v. Wilson*, 835 F.2d 1440, 1444 (D.C.Cir.1987).

On July 13, 1989, the second superseding indictment issued. The magistrate then entered an order on his own motion extending the filing date for pretrial motions to August 14, 1989 and extending the excludable time until August 14, 1989. This period of delay is properly excludable pursuant to 18 U.S.C. § 3161(h)(1)(F), as discussed above, and 18 U.S.C. § 3161(h)(8) which provides for the exclusion of "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or ... at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

On August 4, 1989, the magistrate allowed the government's motion to enlarge the pretrial motion filing dates to which the defendants did not object. The magistrate also extended the filing deadline until September 8, 1989. This period of delay is also properly excludable under 18 U.S.C. § 3161(h)(8), as quoted above.

At a pretrial conference on September 8, 1989, this Court allowed the government's request to enlarge pretrial filing dates and extended the filing deadline until October 6, 1989. This period is also excludable under 18 U.S.C. § 3161(h)(1)(F) and 18 U.S.C. § 3161(h)(8), as discussed above.

The third superseding indictment was unsealed on September 25, 1989. On October 3, 1989, the second superseding indictment was dismissed. On October 10, 1989, the defendants were arraigned on the third superseding indictment. At the arraignment, the magistrate extended the time for filing pretrial motions until October 20, 1989 for defendants Keith Maling, Ralph Richard, and Richard Sullivan and until November 9, 1989 for the remaining defendants. On October 11, 1989, the magistrate also entered an "Order on Excludable Time" excluding these additional periods for the filing of motions.

This period of delay from October 3, 1989, when the second indictment was dismissed, to October 10, 1989, when the defendants were arraigned on the third indictment, is properly excluded under 18 U.S.C. § 3161(h)(6). Section 3161(h)(6) provides:

> If the information or indictment is dismissed upon motion of the attorney for the government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge.

18 U.S.C. § 3161(h)(6). The periods of delay from October 10, 1989 to October 20, 1989 for Keith Maling and from October 10, 1989 to November 9, 1989 for Ralph and Chris Maling for the filing of motions are properly excluded pursuant to 18 U.S.C. § 3161(h)(1)(F), as discussed above.

On October 20, 1989, the defendants filed pretrial dispositive and evidentiary motions. The period from October 20, 1989 until February 12, 1990, the date of the hearing

on the dispositive motions is properly excluded under 18 U.S.C. § 3161(h)(1)(F). This Court took those numerous dispositive motions, including this one, under advisement on February 12, 1990. The period of delay from the date of the hearing until the date of this order is attributable to pretrial motions and the disposition of those motions and thus is properly excluded under 18 U.S.C. § 3161(h)(1)(F).

Accordingly, only five days have ticked on Keith Maling's speedy trial clock—from July 6, 1989, the date of his first appearance before a judicial officer, to July 11, 1989, the date of arraignment on the first superseding indictment. On Ralph Maling's and Chris Maling's speedy trial clocks only fifteen days have passed—from June 26, 1989, the unsealing and making public of the indictment, to July 11, 1989, the date of the arraignment on the first superseding indictment. Thus, the defendants' motions to dismiss for violation of the Speedy Trial Act should be dismissed.

### J. *Motions for Severance of Counts and Defendants*

Numerous defendants[19] have moved to sever counts and defendants. In their various motions, the defendants have argued that joinder of counts and defendants in a single indictment was improper and that certain counts and defendants should necessarily be severed and tried separately. Rule 8 of the Federal Rules of Criminal Procedure governs joinder of offenses and of defendants. In cases involving an indictment of multiple defendants and multiple offenses, as in this case, Rule 8(b) alone provides the appropriate standards for joinder. *United States v. Turkette*, 632 F.2d 896, 907 (1st Cir.1980), *rev'd on other grounds*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). Rule 8(b), which focuses on identity of parties and relatedness of offenses, provides:

Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Fed.R.Crim.P. 8(b).

Regarding the propriety of joinder of multiple defendants and offenses under Rule 8(b), the Court of Appeals for the First Circuit has stated that "[a] conspiracy count can be a sufficient connecting link between co-defendants and separate substantive offenses to permit their joinder in a single indictment." *United States v. Luna*, 585 F.2d 1, 4 (1st Cir.) (citing *King v. United States*, 355 F.2d 700, 704 (1st Cir.1966); *United States v. Donaway*, 447 F.2d 940, 943 (9th Cir.1971)), *cert. denied*, 439 U.S. 852, 99 S.Ct. 160, 58 L.Ed.2d 157 (1978). The First Circuit further stated that "[w]hile the inclusion of a conspiracy count will not rectify otherwise improper joinder, where the count has been added in good faith, and a factual basis for it exists, joinder is permissible." *Id.* The propriety of joinder under Rule 8(b) is to be judged upon the allegations of the indictment, which are to be accepted as true. *Schaffer v. United States*, 362 U.S. 511, 513–14, 80 S.Ct. 945, 946–47, 4 L.Ed.2d 921 (1960); *United States v. Sutherland*, 656 F.2d 1181, 1190 n. 6 (5th Cir.1981), *cert. denied*, 455 U.S. 949, 102 S.Ct. 1451, 71 L.Ed.2d 663 (1982).

Count one of the third superseding indictment charges all of the defendants with a single conspiracy, namely a conspiracy to possess with intent to distribute and to distribute cocaine, which allegedly lasted from "sometime in 1973" until August 1987. Thus, under Rule 8(b), all the defendants are properly joined and charged to-

---

**19.** The following defendants have filed or joined motions to sever counts and defendants: Keith Maling, Ralph Maling, Chris Maling, Mark Gill, Ralph Richard, Al Maling, Timothy Hanscom, William Shaw, Paul Rizzo, Michael Hurley, and Richard Sullivan. The defendants make many of the same arguments, in substance if not in form, and these arguments are addressed by this Court in general terms without reference to the individual defendants. This Court separately addresses those arguments that are unique and relate to certain, individual defendants.

gether in the same indictment because they are alleged to have participated in the same act or transaction or series of transactions constituting the offense of conspiracy as charged in count one.

 The other nineteen counts of the third superseding indictment charge individual defendants, separately and in combination, with other substantive offenses. These counts are properly joined in this one indictment pursuant to Rule 8(b) which provides that defendants properly joined may be charged in one or more counts together or separately and all the defendants need not be charged in each count. Thus, the count one conspiracy with which all defendants are charged provides the necessary connecting link for joinder of the twelve defendants and the twenty counts charged in the indictment. *Luna*, 585 F.2d at 4.

Several defendants specifically argue that the conspiracies charged in counts ten, thirteen, and eighteen are separate and distinct from each other and from the count one conspiracy. The defendants claim that the conspiracies do not all involve the same participants, represent separate agreements, and thus were improperly joined. Count one, however, which charges all defendants with the same conspiracy also provides the connecting link for joinder of the other conspiracy counts which charge some of the count one conspirators together, some separately, and some not at all. *See Luna*, 585 F.2d at 4; *United States v. Grassi*, 616 F.2d 1295, 1303 (5th Cir.1980). The fact that the conspiracy between Ralph Maling and Timothy Hanscom in or about March 1989, alleged in count thirteen, occurred after the count one conspiracy is alleged to have ended does not render joinder of this count improper under Rule 8(b). Accordingly, for the foregoing reasons, joinder of these twelve defendants and twenty offenses in one indictment is proper, and severance is not required on the ground of misjoinder.

 Even where joinder is proper, however, a defendant may obtain a severance pursuant to Rule 14 of the Federal Rule of Criminal Procedure to relieve him or her from prejudicial joinder. Rule 14, in relevant part, provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance or provide whatever other relief justice requires.

Fed.R.Crim.P. 14. The decision whether to grant severance of defendants or separate trials of counts if joinder is prejudicial is discretionary. This court recognizes, however, that "severance is warranted only upon a strong showing of prejudice." *United States v. Cox*, 752 F.2d 741, 746 (1st Cir.1985).

In this case, the defendants generally allege that they will be prejudiced if severance is not granted because an unfair spillover effect will occur from evidence admitted against co-defendants or just from being tried with certain co-defendants. The defendants argue that the jury will be unable to compartmentalize the evidence admitted against each individual defendant. This speculation as to spillover is not sufficient to compel severance. *See, e.g., Arruda*, 715 F.2d at 679; *United States v. Winter*, 663 F.2d 1120, 1149 (1st Cir.1981), *cert. denied*, 460 U.S. 1011, 103 S.Ct. 1249, 75 L.Ed.2d 479 (1983). As the government emphasizes, the defendants' fear of prejudice from spillover can be cured by careful jury and limiting instructions. *United States v. Rawwad*, 807 F.2d 294, 296 (1st Cir.1986), *cert. denied*, 482 U.S. 909, 107 S.Ct. 2490, 96 L.Ed.2d 382 (1987); *United States v. Alemany Rivera*, 781 F.2d 229, 238 (1st Cir.1985), *cert. denied*, 475 U.S. 1086, 106 S.Ct. 1469, 89 L.Ed.2d 725 (1986). This court is mindful of the need for such limiting instructions to assist the jury in this trial of a twenty count indictment and will be willing to give such instructions when requested by defense counsel during trial. Accordingly, joinder of the defendants and counts in this case is not prejudicial for the reasons stated above and severance is not required.

Various defendants specifically argue that they will be prejudiced unless their trial is severed from the trial of defendants Chris Maling and Mark Gill on counts fifteen, sixteen and seventeen because those defendants and counts involve the narcotic cocaine while the other counts in the indictment involve marijuana. Particularly, Ralph Maling argues that such association with the drug cocaine with which his brother Chris is alleged to be involved, coupled with the confusion which will inevitably occur because three of the defendants have the surname of Maling, will extremely prejudice his trial and the trial of the other Malings.

■ The government argues against severance of the counts involving cocaine. First, the government argues that the cocaine offenses in counts fifteen, sixteen, and seventeen took place during the same time period as the conspiracy in count one and other offenses in the indictment. Second, the government has alleged that two defendants charged with operation of a continuing criminal enterprise, Ralph Maling and Keith Maling, used their contacts in the marijuana business to facilitate the cocaine offenses of Chris Maling and Mark Gill. The government asserts that the same person, Arnaldo Mellado, was both the supplier of cocaine and marijuana. Also, many of the same witnesses who will testify for the government as to the count one conspiracy and other counts will testify against Chris Maling and Mark Gill regarding the cocaine offenses. Moreover, the government states that it will offer the evidence to show that the cocaine and marijuana were stored in many of the same locations, were sold to the same customers and were transported by the same means. Pursuaded by the government's arguments which support joinder of counts fifteen, sixteen, and seventeen and because this Court does not find that the trial of these counts together with the other counts in the indictment will result in undue prejudice to any of the defendants, the motions for severance pursuant to Rule 14 should be denied.

■ Some defendants argue that they will suffer prejudice if they are tried together with Ralph Richard because Richard was a defendant in a notorious, widely publicized homicide trial in Rhode Island which was totally unrelated to the charges in this case. Besides the prejudice which might result simply from being tried with Ralph Richard, the moving defendants are concerned because Richard made statements to the police during that homicide investigation regarding his involvement in marijuana offenses. If the government seeks to introduce these statements at trial and discloses the nature of the homicide investigation, such disclosure would be highly prejudicial. This Court recognizes the prejudice which could result from mention during the defendants' trial of the homicide investigation and trial of Richard. Such potential prejudice, however, does not warrant severance because this prejudice can be avoided by other means. If the government does intend to introduce statements of Richard obtained during the homicide investigation, such statements can be tailored to omit reference of the nature of the investigation. Moreover, this Court can order the government not to mention that prior unrelated investigation and trial because of the prejudice which could result. Accordingly, severance under Rule 14 is not required.

Various defendants argue that count four, charging Ralph Maling and Robert Stowe with conspiracy to import marijuana, and count six, which charges Robert Stowe with importation of marijuana, were improperly joined. The government has dismissed count four against Ralph Maling, and Robert Stowe is still a fugitive. At trial the government will not introduce any evidence as to counts four and six. Thus, these counts need not be severed at this time, and the motions to sever should be denied.

Individual defendants have moved for severance on other, more specific grounds, and this Court will now consider those grounds in turn.

■ Keith Maling, Paul Rizzo and Michael Hurley all have moved for severance

under the authority of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In support of their motions, Keith Maling and Paul Rizzo emphasize that Ralph Richard made statements to the authorities which implicate both of them. Michael Hurley is concerned with statements given by Ralph Maling which implicate him. If these statements do implicate these defendants, are introduced at trial, and Richard and Ralph Maling exercise their fifth amendment privileges, the defendants are correct that they may be deprived of their constitutional rights of confrontation under the sixth amendment. At this time, however, the defendants' argument is premature and speculative. The government may not use these statements or may be able to redact the statements to omit reference to Keith Maling and Paul Rizzo or otherwise limit the evidence to cure any *Bruton* problems. Ralph Richard or Ralph Maling may also become available for cross-examination. Thus, severance should not be allowed at this time. If a *Bruton* problem does exist, the defendants should raise these motions again before trial, and the court may allow severance at that time if the *Bruton* problem cannot be cured.

■ William Shaw argues that his trial should be severed from the trial of the other defendants because the defense that he will assert is antagonistic to the defenses of his co-defendants. Shaw argues that he will assert the defense of withdrawal while the other defendants will defend by denying the existence of a conspiracy. Contrary to Shaw's claim, however, these are not clearly antagonistic defenses. Even if they were, the law in this circuit is well settled:

> Antagonistic defenses do not per se require severance, even if the defendants are hostile or attempt to cast blame on each other. Antagonism of defenses requires severance only where the defenses are so inconsistent that the jury would have to believe one defendant at the ex-

pense of the other; the conflict alone establishes a guilt of the defendant. *United States v. Drougas*, 748 F.2d 8, 19–20 (1st Cir.1984) (quoting *United States v. Arruda*, 715 F.2d 671, 679 (1st Cir.1983). The defense of withdrawal and the defense of denying the existence of a conspiracy are not so inconsistent that the conflict itself establishes the guilt of the defendant. Thus, William Shaw's motion for severance on this ground should be denied.

### K. *Motions to Bifurcate the Trial of Count Twenty*

Count twenty involves criminal forfeiture claims under 21 U.S.C. § 853(a). Several defendants [20] have moved to bifurcate the trial of counts one through nineteen from trial of count twenty. Bifurcation of forfeiture proceedings from the guilt phase of a criminal trial is appropriate and promotes fairness and efficiency. *United States v. Feldman*, 853 F.2d 648, 661–62 (9th Cir. 1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1164, 103 L.Ed.2d 222 (1989); *United States v. Sandini*, 816 F.2d 869, 874 (3rd Cir.1987). Therefore, the forfeiture proceedings in this case should be bifurcated from trial of the other counts. Accordingly, evidence and argument regarding forfeiture under count twenty should be reserved until after the jury has completed its deliberations on each of the criminal counts of the indictment. The motion should be allowed.

### L. *Motion to Use A Fictitious Name at Trial*

■ Defendant Ralph Richard has moved to substitute a name, other than his own, in the indictment and throughout the case on the ground that the prior publicity that Richard has received will impair his right to a fair trial by an impartial tribunal. The defendant offers no legal authority to support the use of a fictitious name. Moreover, allowing the use of a fictitious name would create problems at trial—witnesses, counsel and the court would have to adjust their testimony, questions and comments to avoid mention of the defendant's real

---

**20.** The following defendants have filed and joined motions to bifurcate the trial of count twenty: Keith Maling, Ralph Maling, Timothy Hanscom, and Paul Rizzo.

name. Richard's claim that he will be denied a fair trial because he must use his real name is absurd. The defendant must live with his name and its attendant reputation. For these reasons, Richard's motion to use a fictitious name should be denied.

Order accordingly.