In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1710

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEWANZEL SINGLETON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:07-cr-00524-3—**John W. Darrah**, *Judge.*

ARGUED OCTOBER 26, 2009—DECIDED DECEMBER 2, 2009

Before BAUER and SYKES, *Circuit Judges*, and SIMON, *District Judge*.[*]

BAUER, *Circuit Judge.* Dewanzel Singleton pleaded guilty to conspiracy to possess with intent to distribute over five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 846. The district judge sen-

_____

[*] Hon. Philip P. Simon, District Judge for the Northern District of Indiana, is sitting by designation.

tenced him to ninety-seven months in prison. Singleton appeals the district court's denial of his motion to withdraw his guilty plea, his motion to dismiss the indictment against him as insufficient, and the judge's refusal to issue a below-Guidelines sentence. We affirm.

## I. BACKGROUND

On September 12, 2007, the government indicted Singleton for conspiring to possess with intent to distribute more than five kilograms of cocaine. On April 14, 2008, he pleaded guilty as part of an agreement with the government. Three months later, Singleton moved to withdraw his plea and to dismiss the indictment against him as insufficient. He argued that defense counsel provided ineffective assistance at a hearing to suppress evidence that was seized by police during a June 2003 traffic stop. Singleton accused his counsel of failing to view a videotape that showed an officer issuing a warning ticket to the car's driver, and then calling a canine unit to sniff the outside of the vehicle. The dog alerted that the car contained contraband. According to Singleton, had counsel viewed the tape, she would have been prepared to successfully challenge the admission of the evidence obtained at the stop.

The record shows that during the two-day suppression hearing, defense counsel presented witnesses and made a number of arguments why the evidence obtained from the stop should be suppressed. She suggested that the officer's proffered reason for stopping Singleton—that his vehicle was speeding—was pretextual; that the

duration of the stop was unreasonable for purposes of a warning ticket; and that officers somehow induced the canine unit to alert on Singleton's car. The judge denied the motion to suppress and Singleton pleaded guilty on April 14, 2008.

Following his guilty plea, Singleton retained new counsel who moved to dismiss the indictment as insufficient and to withdraw the guilty plea. The judge denied both motions.

At the sentencing hearing, the judge noted that Singleton had no prior criminal convictions, had been a model member of his community while awaiting trial, and took responsibility for his conduct. The record also indicates that the judge considered the factors enumerated in 21 U.S.C. § 3553, including the dangerous quantity of drugs Singleton introduced into his community, the need for deterrence, Singleton's request for alcohol treatment, and the protection of the community. The judge sentenced Singleton to ninety-seven months in prison, a sentence at the low end of the recommended Guideline range. Singleton timely appealed.

## II. DISCUSSION

### A. Sufficiency of Indictment

Singleton first challenges the district court's denial of his motion to dismiss the indictment. An indictment is sufficient if it serves three main functions. It must state the elements of the crime charged, adequately inform the defendant of the nature of the charges, and allow

the defendant to plead the judgment as a bar to future prosecutions. *See* Fed. R. Crim. P. 7(c)(1); *United States v. Torres*, 191 F.3d 799, 805 (7th Cir. 1999). This Court has consistently held that an indictment under 21 U.S.C. § 841(a) and § 846 fulfills these functions if it sets forth the existence of a drug conspiracy, the operative time of the conspiracy, and the statute violated. *United States v. Cox*, 536 F.3d 723, 727-28 (7th Cir. 2008) (citing *United States v. Dempsey*, 806 F.2d 766, 769 (7th Cir. 1986)); *United States v. Canino*, 949 F.3d 928, 949 (7th Cir. 1991). We review challenges to the sufficiency of an indictment de novo. *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000).

The indictment here contains each of the required elements and was sufficient to notify Singleton of what the government intended to prove. *See Canino*, 949 F.3d at 949. Though it does not allege an overt act or specific drug transaction, our cases do not require such specificity. *See United States v. Brown*, 934 F.2d 886, 889 (7th Cir. 1991). The indictment accuses Singleton of being involved in a drug conspiracy and sets forth the time frame involved—1995 through March 2003. It also identifies the particular statute that Singleton conspired to violate—§ 841(a). Thus, the indictment in this case fulfills each of the required functions and sufficiently notified Singleton of the charges against him.

### B. Withdrawal of Guilty Plea

Singleton next argues that the district court erred in denying his motion to withdraw the guilty plea. A

court may permit a defendant to withdraw a guilty plea if he has a "fair and just reason" for doing so, but such permission is not mandatory. *United States v. Wallace*, 276 F.3d 360, 366 (7th Cir. 2002). A fair and just reason exists when the defendant shows that his plea was not entered into knowingly and voluntarily. *Id.* We review for clear error a district court's factual findings about the existence of a fair and just reason. *Id.* But we review the ultimate decision to grant or deny withdrawal for abuse of discretion. *United States v. Carroll*, 412 F.3d 787, 792 (7th Cir. 2005) (internal citation omitted).

Singleton fails to point to any clear error in the district court's fact finding, or demonstrate how the court abused its discretion in ultimately denying his motion to withdraw the guilty plea. His primary argument is that defense counsel provided constitutionally defective assistance by failing to view a video of the traffic stop, leaving her unprepared to argue the suppression motion. However, the district judge determined, based on counsel's affidavit, that she had viewed the tape. At the hearing, counsel presented several witnesses on Singleton's behalf and cross-examined the government's witnesses. She made many of the same arguments that Singleton now claims were not made and led to his unknowing guilty plea, including that the police somehow gave the dog a signal that caused it to falsely alert on Singleton's car door. While Singleton also argues that defense counsel generally conducted inadequate pretrial investigation and "failed to inform [him] of options other than pleading guilty," the only support offered is the assertion, appropriately rejected

by the district judge, that counsel failed to view footage of the traffic stop. Singleton points to nothing concrete in the videotape that counsel did not raise at the hearing. Finally, during the plea colloquy Singleton said he agreed with the factual basis for his plea and was satisfied with counsel's efforts on his behalf. Singleton received effective assistance during the suppression hearing and guilty plea, and the district court did not abuse its discretion in rejecting his motion to withdraw the plea.

### C. Reasonableness of Sentence

Singleton last argues that the within-Guidelines sentence the district court imposed was unreasonable. Sentences properly within the Guidelines are entitled to a rebuttable presumption of reasonableness on appeal. *United States v. Tahzib*, 513 F.3d 692, 694 (7th Cir. 2008); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). This presumption is overcome if a defendant shows that the district court failed to give proper consideration to mitigation factors under § 3553. *Tahzib*, 513 F.3d at 695.

In this case, the district court gave meaningful consideration to the § 3553 factors and issued a reasonable sentence. Singleton's offense warranted a range of 97 to 121 months. The court considered the applicable Guideline range, the dangerous quantity of drugs Singleton introduced into his community, and the need to provide him with treatment while in prison. Even though the judge decided against a downward departure, he imposed a sentence at the very bottom of the Guideline

range. Singleton's position essentially boils down to a request that we abandon our well-established rule that properly calculated Guideline-based sentences are entitled to a rebuttable presumption of reasonableness. *See Mykytiuk*, 415 F.3d at 608. We decline to do so and find that the sentence imposed was reasonable.

## III. CONCLUSION

The indictment in this case was sufficient, the district court did not err in denying Singleton's motion to withdraw his guilty plea, and the sentence imposed was reasonable. We AFFIRM.