NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 15, 2009
Decided January 7, 2010

**Before**

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 08-2648

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 03 CR 251-1 |
| PIOTR P. MISIOLEK, <br> *Defendant-Appellant*. | John W. Darrah, *Judge*. |

**O R D E R**

Piotr Misiolek pled guilty to separate conspiracies to distribute ecstasy, 21 U.S.C. §§ 846, 841(a)(1), to launder the drug proceeds, 18 U.S.C. § 1956(h), and to transport and sell stolen vehicles, 18 U.S.C. §§ 371, 2312, 2313. He fled the country before sentencing but was apprehended nine months later and returned to U.S. custody. He retained new counsel and moved to withdraw his guilty pleas on the ground that he did not understand the potential penalties. The district court conducted an evidentiary hearing and denied the motion after finding Misiolek not credible. The court then sentenced him to the statutory maximum on each count to run consecutively, totaling 45 years' imprisonment. Misiolek appeals and argues that he should have been allowed to withdraw his guilty pleas. We affirm the judgment.

Misiolek fenced approximately 20 stolen vehicles and also ran a drug ring that supplied customers with more than 250,000 ecstasy pills, a number equivalent to 31,000 kilograms of marijuana under the sentencing guidelines. He executed a written plea agreement that informed him of the maximum prison terms: 20 years each on the drug and money-laundering counts and 5 years on the stolen-vehicle conspiracy for a total of 45 years. The same information was repeated to Misiolek at the plea hearing, and he acknowledged his understanding.

After Misiolek pled guilty, the probation officer calculated a guideline imprisonment range of 30 years to life based on a total offense level of 42 and criminal history category of I. At the sentencing hearing, however, Misiolek disputed whether the district court was authorized to impose consecutive prison terms to impose a total sentence within the guideline range. The district court postponed the sentencing to permit the parties to brief that question. Misiolek, a Polish citizen who was free on bond, took advantage of the delay to flee to Europe. He was arrested in the Czech Republic almost a year later. After his extradition, a new lawyer entered his appearance and Misiolek moved to withdraw his guilty pleas.

In his motion Misiolek claimed that he had not understood the sentencing consequences of his guilty pleas and thus that his pleas were not knowing and voluntary. His former attorney, he said, had told him that the written plea agreement was part of a larger deal under which he would receive a total sentence of seven to ten years. The district court conducted an evidentiary hearing, and both Misiolek and his former attorney testified. Misiolek repeated what he said in his motion. His former attorney denied telling him that he would get only seven to ten years and said he went over the plea agreement and sentencing consequences in detail with Misiolek. The district court believed the lawyer and not Misiolek, and denied the motion.

The probation officer then revised the presentence report to include an upward adjustment for obstruction of justice based on Misiolek's flight, see U.S.S.G. § 3C1.1, and to eliminate the recommendation that Misiolek receive credit for acceptance of responsibility under § 3E1.1. These changes increased the guideline imprisonment range to life.

On appeal Misiolek contends that he should have been permitted to withdraw his guilty pleas because he did not understand the total sentence he could receive and was never told that he could plead guilty yet still contest the drug quantity and his leadership role. A defendant may withdraw a guilty plea before sentencing if he "can show a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). A plea that is not knowing and voluntary satisfies this standard. *United States v. Wallace*, 276 F.3d 360, 366 (7th Cir. 2002). In reviewing the denial of a motion to withdraw a guilty plea, we defer to the district judge's factual findings unless clearly erroneous, *United States v. Pike*, 211 F.3d 385, 388 (7th Cir. 2000), and will uphold the ruling on the motion

unless the judge abused his discretion, *United States v. Singleton*, 588 F.3d 497, 500 (7th Cir. 2009).

Misiolek argues that the district court's credibility findings were clearly erroneous, but those findings are well supported and thus conclusive. See *United States v. Stewart*, 198 F.3d 984, 986-87 (7th Cir. 1999) (explaining that district court's credibility finding was dispositive of motion to withdraw guilty plea where court credited defendant's statements made at plea hearing). In denying the motion to withdraw, the district court quoted from the plea colloquy where Misiolek was told of the potential penalties and acknowledged his understanding. For instance, when the district court asked the prosecutor to state the statutory maximums, he listed the maximum for each individual count and added that "the total of that . . . would be a term of imprisonment on the total of the three counts would be 45 years imprisonment." Misiolek's former attorney also testified at the evidentiary hearing that he went over with Misiolek in detail the plea agreement and presentence report – both of which mention the possibility of 45 years – so that Misiolek would understand the potential sentencing consequences. In addition, the district court reasoned that Misiolek's claimed ignorance of the penalty range was undermined by a form he completed just days before the first sentencing hearing to notify the Polish consulate that he would be repatriating with his father in a few weeks.

All of this evidence was weighed against Misiolek's testimony at the evidentiary hearing that he was ignorant of the maximum prison sentences and instead thought he would get only seven to ten years. The district court was free to discredit Misiolek's testimony and to hold him to the representations he made under oath during the plea colloquy. See *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002) (explaining that district court usually is justified in discrediting proffered reasons for motion to withdraw and holding defendant to admissions made during plea colloquy). And in addressing Misiolek's credibility the district court fairly relied on the form from the Polish consulate, finding reasonably that the form was not simply for the defendant's father, as the defendant argued, but was also for and signed by the defendant.

The district court also was free to credit the former attorney's testimony that he discussed with Misiolek the effect that his leadership role would have at sentencing and never told him he was compelled to accept the government's view of how the guidelines should be applied. See *United States v. Alvarado*, 326 F.3d 857, 862 (7th Cir. 2003) (declining to second-guess district court's determination of whom to believe when conflicting testimony is given); *United States v. Thornton*, 197 F.3d 241, 247 (7th Cir. 1999) ("In a swearing contest, the trial judge's choice of whom to believe will not be rejected unless the judge credited exceedingly improbable testimony."). As the district court noted in its order, even Misiolek's new lawyer conceded at the evidentiary hearing that Misiolek has credibility problems.

Misiolek argues that the plea agreement was so lopsided that it offered no benefit to Misiolek and that no defendant who was accurately informed of its terms would have had rational reasons to sign it.  The record does not support the argument.  The plea agreement contained preliminary guideline calculations that would have produced a final offense level of 41, assuming that the defendant was entitled to a three-level reduction for acceptance of responsibility.  With the defendant's criminal history category of I, the guideline range (the guidelines were still deemed binding at the time of the agreement) would have been 324 months to 405 months, which is well below the maximum 540 months allowed by stacking the statutory maximum terms consecutively.  In other words, the preliminary guideline calculations, though not binding on the parties or the court, would have provided a significant benefit to Misiolek if he had stayed to face the court's sentence rather than fleeing.

Accordingly, the district court properly exercised its discretion in denying Misiolek's motion to withdraw his guilty pleas.  The judgment is affirmed.