NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2010
Decided July 22, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-1719

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 4:09CR40064-001-GPM |
| NOEL BASALDUA-LOPEZ, <br> *Defendant-Appellant.* | G. Patrick Murphy, <br> *Judge.* |

**O R D E R**

While serving a federal sentence for unlawfully entering the United States, Noel Basaldua-Lopez attacked another inmate with a razor blade and later pleaded guilty to assault with a dangerous weapon, 18 U.S.C. § 113(a)(3), and possession of contraband as a federal inmate, *id.* § 1791(a)(2). The district court sentenced him at the top of the guidelines range to an additional 71 months' imprisonment, and Basaldua-Lopez instructed his attorney to appeal his sentence. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). His attorney, however, can find no reason to challenge the within-guidelines sentence and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Basaldua-Lopez, on the other hand, asserts that his sentence is unfairly high. *See* CIR. R. 51(b). We review only the issues identified by Basaldua-Lopez and his attorney in their submissions. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Basaldua-Lopez could challenge the guidelines calculations but concludes that the district court made no error. Basaldua-Lopez could not challenge the four-level increase for use of a dangerous weapon, U.S.S.G. § 2A2.2(b)(2)(B), because he admitted using a razor blade in the attack, and a razor blade is capable of inflicting serious bodily injury, *see id.* § 1B1.1 cmt. n.1(D). Nor could he challenge the three-level increase applicable if the victim sustained bodily injury, *id.* § 2A2.2(b)(3)(A), because the victim required medical attention to stitch the wound, *id.* § 1B1.1 cmt. n.1(B). With a three-level decrease for acceptance of responsibility, *id.* § 3E1.1, Basaldua-Lopez's final offense level was properly calculated at 18. A challenge to Basaldua-Lopez's criminal history category would also be frivolous because his 20 criminal history points placed him well above the 13 points needed to qualify for criminal history category VI, the highest category. Accordingly, the district court relied on a properly calculated advisory range of 57 to 71 months' imprisonment.

Next, counsel notes that Basaldua-Lopez's within-guidelines sentence would be presumed substantively reasonable on appeal, *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Turner*, 604 F.3d 381, 385 (7th Cir. 2010), and considers whether the district court's failure to address some of his asserted mitigating factors during the analysis of the statutory sentencing factors could overcome that presumption, *see* 18 U.S.C. § 3553(a); *United States v. Coopman*, 602 F.3d 814, 818-19 (7th Cir. 2010); *United States v. Singleton*, 588 F.3d 497, 500-01 (7th Cir. 2009). The court addressed all but three of the mitigating arguments Basaldua-Lopez raised in his sentencing memorandum: the lack of parental guidance he had growing up, his struggle with substance abuse, and the effect his status as a deportable alien might have on his eligibility to receive good-time credits or participate in certain prison programs. But the court had discretion to address explicitly only Basaldua-Lopez's principal arguments, *see United States v. Young*, 590 F.3d 467, 474 (7th Cir. 2009), and Basaldua-Lopez did not even mention at sentencing the issues of substance abuse or good-time credits. As for Basaldua-Lopez's childhood, at sentencing he suggested that his lack of guidance somehow excused his criminal behavior. But the court's emphasis in its ruling on the brutal nature of the unexplained attack and Basaldua-Lopez's extensive criminal history (by age 28 Basaldua-Lopez had earned 20 criminal history points—7 more than the minimum to qualify him for the highest criminal history category) underscores an understandable unwillingness to countenance excuses of the sort he offered. *See United States v. Portman*, 599 F.3d 633, 636-37 (7th Cir. 2010). ("[The district court] must provide enough explanation so that someone familiar with the case would understand why the court rejected the argument.").

Basaldua-Lopez asserts in his submission that the district court improperly based his high-end sentence on speculation that he was likely to return to the United States after

deportation.  This, however, was an appropriate consideration—a district court is entitled to weigh a defendant's likelihood to commit other crimes upon release.  *See* 18 U.S.C. § 3553(a)(2)(B), (C); *United States v. Miranda*, 505 F.3d 785, 793 (7th Cir. 2007); *see also* U.S.S.G. § 4A1.3.  Basaldua-Lopez, having already been deported from the United States, is prohibited from entering the United States again without permission and would face criminal penalties if caught.  8 U.S.C. §§ 1182(a)(9), 1325.  Given that he has been deported (or removed) at least six times already, it was reasonable for the district court to fashion the sentence with the hopes of deterring him from committing another crime or at least incapacitating him longer to forestall another attempt.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.