NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2010
Decided July 22, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3864

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-288 |
| JOHN A. ANTHONY, | Lynn Adelman, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

When police officers responded to a call of shots fired, a woman in the crowd pointed them to John Anthony, and a patdown revealed a gun in his pants pocket. A custodial search then revealed 5.46 grams of crack in his other pocket. Anthony pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and to possessing crack with intent to distribute, 21 U.S.C. § 841(a)(1). The district court sentenced him as a career offender, *see* U.S.S.G. § 4B1.1, but went below the guidelines range of 188 to 235 months and imposed a sentence of 126 months' imprisonment. Anthony filed a notice of appeal. But he does not wish to withdraw his guilty plea, and appointed counsel cannot

find a basis to challenge the sentence and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967); *United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). Anthony has not commented on counsel's motion even though he was invited to do so. *See* CIR. R. 51(b). We limit our review to the issues identified by counsel in her facially adequate brief. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel notes that there is no question that the guidelines range was properly calculated and that Anthony's below-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Jackson*, 598 F.3d 340, 345 (7th Cir. 2010); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008). Counsel considers whether Anthony could overcome that presumption by arguing that the district court failed to adequately consider the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Singleton*, 588 F.3d 497, 500-01 (7th Cir. 2009). Counsel concludes, however, that any such challenge would be frivolous. Here, the district court credited Anthony's asserted mitigating factors to some extent, acknowledging the relatively minor nature of offenses that led to his designation as a career offender, his positive educational and parenting traits, and his family's efforts at cooperating with the government. The court concluded, however, that an even lower sentence was not warranted because of the serious nature of the crimes (Anthony was intoxicated while carrying a gun in a volatile area) and Anthony's history of violence (his criminal history included convictions for assault, resisting the police, and smashing his ex-girlfriend's car). The court's careful consideration of the factors in § 3553(a) leaves Anthony no basis for an appeal. *See United States v. Scott*, 555 F.3d 605, 610 (7th Cir.), *cert. denied*, 130 S. Ct. 341 (2009).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.