**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2010
Decided October 27, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 10-1965

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-CR-106 |
| SEHYUN EOM, *Defendant-Appellant.* | Charles N. Clevert, Jr., *Chief Judge.* |

**O R D E R**

Sehyun Eom traveled to Wisconsin from Illinois intending to have sex with a 14-year-old girl he met in an Internet chat room. The girl turned out to be an undercover police officer, and Eom, then 32 years old, was arrested. He pleaded guilty to traveling in interstate commerce to engage in sexual conduct with a minor. *See* 18 U.S.C. § 2423(b). The district court sentenced him to 51 months' imprisonment, at the bottom of the guidelines range. Eom appeals, but his appointed lawyer has moved to withdraw because he cannot identify a nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Eom has not responded to our invitation to comment on counsel's submission, *see* CIR. R. 51(b), and we confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel begins by telling us that Eom has said he wants only to challenge his prison sentence and does not wish to have his guilty plea set aside. Thus, counsel should have omitted any discussion of possible challenges to the voluntariness of Eom's plea or the adequacy of the plea colloquy. *See United States v. Cano-Rodriguez*, 552 F.3d 637, 638 (7th Cir. 2009); *United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel has evaluated whether Eom could challenge the reasonableness of the 51-month sentence he asked the district court to impose. Counsel notes, however, that the court correctly calculated the imprisonment range and that Eom's sentence at the bottom of that range is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Jackson*, 598 F.3d 340, 345 (7th Cir. 2010). And counsel concludes that this presumption could not be overcome by arguing that the district court failed to adequately consider the sentencing factors under 18 U.S.C. § 3553(a). *See United States v. Singleton*, 588 F.3d 497, 500-01 (7th Cir. 2009). The court acknowledged Eom's arguments in mitigation: that he is well educated and, until this offense, had an impressive work history and no criminal record. But the court emphasized that Eom's professional training made him computer saavy, and the transcripts of his online conversations with the undercover officer demonstrate that Eom knew his actions were illegal because he asked the girl about the legal age for consensual sex, expressed his concerns about going to jail, and implored the girl to keep their relationship secret. And though the district court acknowledged that Eom, a South Korean citizen, faces the prospect of removal after incarceration, the court concluded that a term at the bottom of the guidelines range was necessary to protect the public, deter others from similar criminal conduct, and serve as a reasonable punishment for Eom. Because the court properly based its sentence on its consideration of the § 3553(a) factors, we agree with counsel that a reasonableness challenge would be frivolous.

Accordingly, we GRANT counsel's motion and DISMISS Eom's appeal.