NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 16, 2011
Decided November 17, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 10-3041

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 09 Cr 491 -1 |
| TIMOTHY SCHOLTES, *Defendant-Appellant*. | Robert W. Gettleman, *Judge.* |

**O R D E R**

Timothy Scholtes waived indictment and pleaded guilty to an information charging him with sexual exploitation of a child, 18 U.S.C. § 2251(a), and two counts of receiving child pornography, *id.* § 2252(a)(2)(A). Scholtes had taken a sexually explicit photograph of a 10-year-old boy he was chaperoning on a baseball outing, and he also had purchased child pornography over the Internet. The district court, after denying Scholtes's motion to withdraw his guilty pleas, sentenced him within the guidelines range to a total of 600 months' imprisonment.

Scholtes filed a notice of appeal, but his appointed lawyer seeks to withdraw because he cannot identify a nonfrivolous ground for appeal. *See Anders v. California*, 386 U.S. 738

(1967). Scholtes opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and Scholtes's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel considers whether Scholtes could argue that it was an abuse of discretion to deny him leave to withdraw his guilty pleas. In his motion Scholtes principally argued that the district court had not adequately explained the nature of the charges during the Rule 11 colloquy. *See* FED. R. CRIM. P. 11(b)(1)(G). The district court conducted a hearing on the motion where Scholtes, through a new lawyer who was appointed after he pleaded guilty, asserted that the judge initially had described incorrectly the exploitation count as "enticing a minor for sexual activity" and the receipt counts as "possession" of child pornography.

We would have difficulty saying that the court's description of the first count was inaccurate, since § 2251(a) defines the crime of child exploitation to include enticing a minor to engage in sexual activity for the purpose of producing a visual image of that activity. *See* 18 U.S.C. § 2251(a). And the court's misstatement about the nature of the receipt charges had been caught and corrected before Scholtes entered his guilty pleas. Moreover, the charges in the information were read to Scholtes during the colloquy, and, for simple crimes like these, that step was sufficient to apprise Scholtes of the nature of the charges as required by Rule 11(b)(1)(G). *See United States v. Webb*, 403 F.3d 373, 379 (6th Cir. 2005); *United States v. Valdez*, 362 F.3d 903, 908 (6th Cir. 2004); *Harvey v. McCaughtry*, 11 F.3d 691, 695–96 (7th Cir. 1993). There is also a presumption that Scholtes was adequately informed because he stated under oath that he had read and discussed the charges with his attorney, and that he understood those charges. *See Bousley v. United States*, 523 U.S. 614, 618 (1998); *Webb*, 403 F.3d at 379.

At the hearing on Scholtes's motion, defense counsel also asserted that Scholtes had pleaded guilty involuntarily due to pressure from his former lawyer and threats from the prosecutor. To ensure the voluntariness of a guilty plea, a district court must conduct a colloquy that substantially complies with the requirements of Rule 11. *United States v. Bowlin*, 534 F.3d 654, 656–57 (7th Cir. 2008); *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). Here, the transcript of the plea colloquy establishes that, in addition to assuring that Scholtes understood the nature of the charges, the district court reviewed with him his constitutional rights, the factual basis for the charges, the statutory maximum and minimum penalties, and the guidelines sentencing range. Scholtes assured the court under oath that he was pleading guilty voluntarily, and while a lack of voluntariness constitutes a "fair and just reason" for withdrawing a guilty plea, *see* FED R. CRIM. P. 11(d)(2)(B), Scholtes never overcame the presumption that his statements during the plea colloquy were truthful. *Bowlin*, 534 F.3d at 659–60. The district court noted that Scholtes, who did not seek to testify under oath at the hearing on his motion to withdraw his guilty pleas, had not produced any

evidence of threats or other coercion. Although the court acknowledged that Scholtes had struggled during the plea colloquy, the court found that the reason for this difficulty was Scholtes's discomfort admitting the terrible conduct he was accused of, not because he was being pressured to plead guilty. We would not conclude that this determination was clear error. *See United States v. Singleton*, 588 F.3d 497, 500 (7th Cir. 2009); *United States v. Chavers*, 515 F.3d 722, 724–25 (7th Cir. 2008); *United States v. Weathington*, 507 F.3d 1068, 1071 (7th Cir. 2007).

We thus agree with appellate counsel that it would be frivolous for Scholtes to argue, based on the record compiled in the district court, that the judge abused his discretion in denying Scholtes's motion to withdraw his guilty pleas. Our conclusion is not altered by Scholtes's contention, made in his Rule 51(b) response, that he should have been allowed to withdraw his pleas because his first attorney failed to adequately counsel him and prepare him to plead guilty. Scholtes notes that he pleaded guilty at what originally had been scheduled as a status hearing, and he alleges that he was suffering from depression at the time and was in "unsuitable mental condition for submitting a plea." Once again, though, the problem for Scholtes is that he did not introduce evidence to support these new allegations, and the existing record contradicts his present statments. *See Bowlin*, 534 F.3d at 659–60. Scholtes stated during the plea colloquy that he never had been treated for mental illness, and his lawyer confirmed that he did not doubt Scholtes's competence to plead guilty. Scholtes also said that he had read the charges in the information and discussed them with his lawyer, that there was nothing additional he wished to discuss with counsel before pleading guilty, and that he was satisfied with the advice he had received. A direct appeal is not the time for Scholtes to assert that he was untruthful during the plea colloquy.

Counsel last considers whether Scholtes could challenge his overall prison sentence, but counsel cannot point to any procedural error in the district court's calculation of the guidelines imprisonment range. The district court adopted the probation officer's properly calculated guidelines range of life imprisonment, as limited by the combined statutory maximum of 840 months for the three counts, *see* U.S.S.G. § 5G1.1(c)(1), and sentenced Scholtes below the guidelines range to a total of 600 months' imprisonment. Counsel has not identified any reason to disregard the presumption of reasonableness applicable to a sentence below the guidelines range. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Martinez*, 650 F.3d 667, 671 (7th Cir. 2011); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). The district court evaluated the sentencing factors in 18 U.S.C. § 3553(a) and determined that a lengthy sentence was necessary because of the seriousness of the crimes and the need to deter others and protect children. We would not conclude that the court abused its discretion in making that assessment, and thus counsel is correct that any challenge to the prison sentence would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.